[No. 20401.   March 8, 1888.]

Ex parte HENRY TURNER, on Habeas Corpus.

Criminal Law — Misdemeanor — Petit Larceny — Judgment of Conviction — Habeas Corpus. — A prisoner who has been arrested, tried, and convicted by a police court for the crime of petit larceny, under a complaint which is in all respects sufficient, is not entitled to be discharged on *habeas corpus* merely because the judgment of conviction fails to recite the date of the offense, and that it had been "feloniously" committed.

Application for a writ of *habeas corpus.* The facts are stated in the opinion.

*A. L. Levinsky,* for Petitioner.

*James H. Budd,* for Respondent.

Paterson, J. — The complaint upon which the petitioner was arrested, tried, and convicted charged that "said Henry Turner committed the crime of petit larceny, a misdemeanor, as follows, to wit: The said Henry Turner, on or about the thirteenth day of February, 1888, at the city of Stockton, county of San Joaquin, and state of California, did willfully, unlawfully, and felo-

niously steal, take, and carry away certain faucets, tube-scrapers, thumb and screw wrenches, and old pipe and pipe-connections, of the value of four dollars, gold coin of the United States of America, the same being then and there the personal property of the state of California."

The return of the sheriff shows that the petitioner is held in custody by virtue of a certified copy of the judgment of the police court, the material portion of which is as follows: "Whereas, the said Henry Turner, having been duly convicted in this court of the crime of willfully and unlawfully stealing, taking, and carrying away certain personal property, the same being the property of the state of California, and of the value of four dollars or thereabouts, a misdemeanor; it is therefore ordered, adjudged, and decreed that the said defendant be punished by a fine of eighty dollars, and in default of the payment of such fine, that he be imprisoned in the county jail of San Joaquin County, California, until said fine is satisfied, said imprisonment to be at the rate of one day for each two dollars of said fine."

Counsel for petitioner has made a very ingenious argument on behalf of his client, but has failed to convince me that the judgment is void. The distinction between a void and a voidable judgment is sometimes very nice, and the judgment will fall under the one class or the other accordingly as it is regarded for different purposes. In some of the cases cited the commitments were for the purpose of holding the defendant to answer. After trial and conviction, the commitment is of a higher dignity than an ordinary commitment holding to answer. This is true with courts, both of special or limited jurisdiction and those of general jurisdiction. The judgment of a court of inferior jurisdiction is, to a great extent, as far beyond the reach of collateral attack by the writ of *habeas corpus* as the judgments of higher courts are. (Church on Habeas Corpus, sec. 240.)

"In no case can the writ of *habeas corpus* be used as a writ of error. Mere error in the judgment or proceedings, under and by virtue of which the party is imprisoned, constitutes no ground for the issuance of the writ, and it is well settled by both the state and federal courts that a judgment or sentence cannot be assailed on *habeas corpus*, if it is merely erroneous, the court having given a wrong judgment when it had jurisdiction of the person and the subject-matter." (Church on Habeas Corpus, sec. 372; *Willis* v. *Bayles*, 105 Ind. 371.)

The case of *Ex parte Ah Cha*, 40 Cal. 426, cited by petitioner, was overruled in *Ex parte Max*, 44 Cal. 580, where it was held that if the complaint was in all respects sufficient, and the offense of which the petitioner was convicted was one within the scope of the indictment, and the judgment one which the court had the authority to render upon the appearance and plea, there was jurisdiction, and all other questions were matters of mere error, which could not be inquired into upon the writ of *habeas corpus*.

It is contended that the judgment before us is void because it fails to state all the necessary elements, — the word "feloniously" and the date being omitted, — and that, therefore, the judgment would be no protection to the defendant upon another charge for the same offense alleged in the complaint. But if the petitioner should ever have the misfortune to require evidence in support of such a plea of former conviction, he will be entitled to the whole record, and not simply to the judgment. (*Ex parte Ring*, 28 Cal. 253.) He will be entitled to introduce in evidence in support of that plea, not only the judgment, but the complaint, and the docket of the justice. The entries in the docket of the police judge show clearly a plea of not guilty, waiver of jury trial, date of trial, issuance of subpœnas, examination of witnesses, argument of counsel, and submission of the cause. It then recites: "The court finds the defendant *guilty as charged,*

and, he having waived time for sentence and no cause being shown, the court rendered its judgment that whereas," etc. The failure of the court to state the elements of the crime in the judgment as fully as they were necessarily stated in the complaint does not render the judgment void. The offense is sufficiently designated in the judgment. To entitle the petitioner to a discharge, we must necessarily assume that the record of conviction fails to show the commission of any offense. To reach this conclusion, we should have to resort to a hypercritical, over-nice, and technical examination of the commitment, convert the writ of *habeas corpus* into a writ of error, and defeat the ends of justice.

Petitioner is remanded.