[No. 20680. In Bank. — April 30, 1890.]

## Ex parte AH SAM, on Habeas Corpus.

Habeas Corpus — Criminal Law — Commitment upon Conviction — Recitals — Review of Errors. — A commitment upon a judgment of conviction of a misdemeanor need not recite that the defendant was informed of all his rights, or that six hours elapsed after conviction and before sentence, or that time was waived; and if he was not duly informed of his rights, or was sentenced too soon after conviction, these are mere errors which are reviewable only upon appeal, and cannot be inquired into on *habeas corpus*.

Application to the Supreme Court for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*L. L. Chamberlain*, for Petitioner.

The COURT.—Petition for writ of *habeas corpus*.

The alleged illegality of the imprisonment in this case is, that the petitioner is held under a commitment issued upon a conviction of the crime of battery, and that the commitment is void, because it does not appear therefrom that the petitioner was informed of all his rights, or that six hours elapsed after conviction and before sentence, or that time was waived.

There is no law that makes it necessary that these facts should be recited in the judgment or copied into the commitment.

Beside, if it is true that the defendant was not duly informed of his rights, or was sentenced too soon after conviction, these were mere errors,—not excesses of jurisdiction,—and were reviewable on appeal. They cannot be inquired into on *habeas corpus*.

Writ denied.