[Crim. No. 609. Second Appellate District.—June 21, 1918.]

In the Matter of the Application of W. I. TURCK for a Writ of Habeas Corpus.

CRIMINAL LAW—RELEASE WITHOUT BAIL.—Under the procedure generally applicable in criminal actions a defendant is not entitled to be released without bail upon his mere promise to appear for trial, nor will such release ordinarily be permitted by an arresting officer until it is so ordered by the court or magistrate.

ID.—VIOLATION OF VEHICLE ACT — VALIDITY OF JUDGMENT OF CONVICTION.—A judgment of conviction for a violation of section 22 of the Vehicle Act (Stats. 1917, p. 404) is not void on its face merely because it does not affirmatively declare that the defendant upon his appearance before the justice of the peace on the day of his arrest waived his right to the five days' time provided by subdivi-

sion (c) of said section, and does not affirmatively set forth that such justice was the most accessible magistrate.

ID.—RIGHTS UNDER VEHICLE ACT—DENIAL BY JUSTICE'S COURT—REMEDY BY APPEAL—HABEAS CORPUS.—The rights given to persons arrested for speeding under section 22 of the Vehicle Act may be waived, and their denial by the justice's court is mere error, correctible on appeal, but not reviewable under *habeas corpus*.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeals for the Second Appellate District.

The facts are stated in the opinion of the court.

Ray E. Nimmo, for Petitioner.

W. F. Menton, for Respondent.

CONREY, P. J.,—The petitioner, W. I. Turck, being in custody of the sheriff of the county of Orange and imprisoned in the county jail of that county, applied to this court for a writ of *habeas corpus* and the writ was issued. Attached to the sheriff's return to the writ is a copy of a commitment issued by John B. Cox, as justice of the peace of Santa Ana Township, in the county of Orange. By that commitment it appears that on the twenty-eighth day of January, 1918, a complaint under oath was filed in said justice's court, charging that the petitioner on that day committed a misdemeanor, to wit, violation of the motor vehicle law; that a warrant of arrest having been issued on that day and defendant having been arrested, thereafter on the same day he appeared before said court and was informed of all his legal rights; that the complaint in the action having been read to him, the defendant pleaded guilty and was by the court found guilty as charged in the complaint; thereupon, the defendant having waived time for the pronouncing of judgment, it was adjudged that for said offense defendant be imprisoned in the county jail of the county of Orange for the term of ten days.

The complaint upon which the defendant was prosecuted in the justice's court charged that at the time and place stated he did willfully and unlawfully operate an automobile upon a public highway in the county of Orange, at a

rate of speed in excess of thirty miles per hour. This was a violation of the provisions of section 22 of the Vehicle Act. (Stats. 1917, p. 404.) Subdivision (c) of said section 22 reads as follows: "In case of any person arrested for violation of the provisions of this section, unless such person shall demand that he be taken forthwith before the most accessible magistrate, the arresting officer shall take the name and address of such person and the number of his motor vehicle and notify him in writing to appear before a designated magistrate at a time and place to be specified in such writing at least five days subsequent to the date of such notice and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release him from custody. Any person willfully violating such promise shall be guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested."

The alleged illegality of the commitment on which Turck is held in custody is set forth in the petition for the writ, in substance, as follows: That it does not appear upon the face of the proceedings that the defendant waived his right to the five days' time provided by said statute, and that it does not appear that the said justice of the peace was the most accessible magistrate at the time of the arrest of the defendant; that, in fact, John B. Cox, the said justice of the peace, was not at the time and place of arrest of the defendant the most accessible magistrate, but that there was then and there a magistrate in the town or township of Tustin, in the county of Orange, who was then and there located at a point nearer and more accessible to the defendant and the officer arresting him at the time of his arrest; that upon the face of the complaint it appears that the defendant was required to appear before the said justice, and did so appear, on the day of his arrest, and that the five days required by the statute had not elapsed. By reason of the facts so alleged, petitioner claims that said Justice of the Peace Cox had no jurisdiction to entertain said complaint filed with him on the twenty-eighth day of January, 1918, and had no jurisdiction to issue the alleged commitment, and that therefore said commitment is void.

Petitioner's argument begins with the general proposition that a justice's court is an inferior court, whose powers are conferred and whose duties and mode of procedure are

prescribed by statute, and to which the rule applies that the evidence of its proceedings must affirmatively show jurisdiction of the person of the defendant and of the subject matter. The rule has been illustrated in a series of cases, among which petitioner especially relies upon *Ex parte Kearny*, 55 Cal. 212. The particular application of the rule in that case was that the court determined that the alleged offense stated in the complaint in the police court where the petitioner was convicted did not constitute any crime against the law, and that therefore the petitioner was entitled to be discharged on *habeas corpus*. In *Ex parte Greenall*, 153 Cal. 767, 770, [96 Pac. 804, 806], the court said: "It has been the uniform practice to consider on *habeas corpus* the question of the sufficiency of the complaint in such inferior courts, and to discharge the prisoner where such complaint failed to show a public offense under the laws of the state."

The courts have been careful, however, not to extend the principles above stated so far as to interfere with the use of the right of appeal as the ordinary remedy of a defendant in a criminal case. "The writ of *habeas corpus* is not intended to review the regularity of the proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law." (*In re Kowalsky*, 73 Cal. 120, 122, [14 Pac. 399].) "A writ of *habeas corpus* cannot be made the vehicle of determining mere errors, where a conviction has been had and the commitment thereon is in due form. If the court below had no jurisdiction of the offense charged, or if it affirmatively appears by the record that the prisoner was tried and sentenced for the commission of an act which, under the law, constitutes no crime, the judgment is void and the prisoner should be discharged." (*Ex parte Miranda*, 73 Cal. 365, 371, [14 Pac. 888, 891].) In *Ex parte Turner*, 75 Cal. 226, [16 Pac. 898], it appeared that in a police court the petitioner had been convicted of a misdemeanor. The judgment did not recite the date of the offense or state the elements of the crime as fully as they were necessarily stated in the complaint. Nevertheless the petitioner was remanded, the court saying: "The distinction between a void and a voidable judgment is sometimes very nice, and the judgment will fall under the one class or the other accordingly as it is regarded for different pur-

poses. . . . After trial and conviction the commitment is of a higher dignity than an ordinary commitment holding to answer. This is true with courts, both of special or limited jurisdiction and those of general jurisdiction. The judgment of a court of inferior jurisdiction is, to a great extent, as far beyond the reach of collateral attack by the writ of *habeas corpus*, as the judgments of higher courts are. (Church on Habeas Corpus, sec. 240.) . . . The failure of the court to state the elements of the crime in the judgment as fully as they were necessarily stated in the complaint does not render the judgment void. The offense is sufficiently designated in the judgment. To entitle the petitioner to a discharge, we must necessarily assume that the record of conviction fails to show the commission of any offense. To reach this conclusion, we should have to resort to a hypercritical, overnice, and technical examination of the commitment, convert the writ of *habeas corpus* into a writ of error, and defeat the ends of justice."

Justices' courts have jurisdiction of certain public offenses committed within the several counties in which such courts are established, including "all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." (Pen. Code, sec. 1425.) The offense charged against the defendant came within this description. (Vehicle Act, sec. 32; Stats. 1917, p. 410.) It follows that the justice's court of Santa Ana Township had jurisdiction over the case here in question immediately upon the filing of the complaint, unless such jurisdiction was excluded by reason of the provisions of subdivision (c) hereinabove set forth.

Under the procedure generally applicable in criminal actions a defendant is not entitled to be released without bail upon his mere promise to appear for trial, nor will such release ordinarily be permitted by an arresting officer until it is so ordered by the court or magistrate. It was for the purpose of modifying this rule in a particular class of cases that said subdivision (c) of section 22 was enacted. It requires that the officer give the stated notice, and that if the defendant make a written promise to appear, "such officer shall forthwith release him from custody." This regulation has to do with the duties of an arresting officer and the right of the arrested person to immediate release upon com-

pliance with the stated conditions. If that right be disregarded and the defendant be compelled to submit to trial before five days have elapsed, he objecting thereto, then and then only does the procedure of the court conflict with the intent and purpose of the statute. But it would be straining the words of the statute so as to cover a purpose not intended if we should say in this proceeding that the judgment under which the petitioner stands committed is void on its face merely because that judgment does not affirmatively declare that the defendant upon his appearance before the justice of the peace on the day of his arrest waived his right to the five days' time provided by said statute, and does not affirmatively set forth that the said justice of the peace was the most accessible magistrate at the time of the arrest. The judgment does declare that after the arrest of the defendant, and on the same day, the defendant "appeared before this court and having been informed of all his legal rights, and the complaint in this action having been read to him, defendant pleaded guilty." It further appears by the return herein that the defendant perfected an appeal from said judgment to the superior court of Orange County; that the superior court rendered judgment of affirmance of the judgment and order of the justice's court; and this proceeding was instituted to prevent the enforcement of the judgment as so affirmed.

Attached to the sheriff's return in this proceeding there is an affidavit of John B. Cox, in response to which counter-affidavits have been filed on behalf of petitioner. It is not necessary for us to enter into an extended discussion of these affidavits. Their use in this proceeding or their consideration by the court is of doubtful propriety, considering the nature of this proceeding. The statements contained in the affidavits refer to the fact that the township of Tustin was nearer to the place of defendant's arrest than the township of Santa Ana; that certain conversations by telephone and otherwise took place between the justice and the defendant and the arresting officer. Presumably these facts, so far as they were at all admissible, were included in the statement on appeal to the superior court. They are not such matters as may be retried by affidavits in a proceeding like that now before this court. It has been held in this state that the denial of a trial by jury is merely error to be

corrected on appeal, and does not go to the jurisdiction of the court so that it may be inquired into on *habeas corpus*, except in those cases where a jury cannot be waived, and therefore is a necessary constituent part of the court. (*In re Fife*, 110 Cal. 8, [42 Pac. 299].) On the same principle we may say that the right to the five days' notice insisted upon by the defendant in the present proceeding and the alleged right to be taken before another justice were rights which could be waived; and that their denial by the justice's court (if they were denied) was merely error to be corrected on appeal, and does not go to the jurisdiction of the court, which alone may be inquired into in this proceeding.

It is ordered that the petitioner be remanded.

James, J., and Works, J., *pro tem.*, concurred.