[Crim. No. 498. Third Appellate District.—January 19, 1920.]

In the Matter of the Application of RUBY H. HUNTER et al. for Writ of Habeas Corpus.

[1] JUVENILE COURT LAW—SUFFICIENCY OF PETITION FOR COMMITMENT OF MINORS—REVIEW AFTER HEARING.—Where the superior court, after a full hearing with ample opportunity for all parties in interest to present whatever evidence they might desire, has made findings which are supported by the evidence and are sufficient to justify its commitment of certain minors to the county probation officer, on an application for a writ of *habeas corpus* to secure the release of said minors, the allegations of the petition for their commitment will not be criticised with the same degree of severity as would be proper if it were tested before any trial was had or any evidence introduced.

[2] ID.—SUFFICIENCY OF PETITION TO CONFER JURISDICTION.—Where, by fair intendment, it does not appear from the petition for the commitment of such minors that their parents were incapable of exercising over said minors proper parental control, but it does appear that said minors were leading an idle life, associating with undesirable persons in a manner likely to induce lewd and immoral practices, and their home was an unfit place for their habitation, comfort, discipline, and development, it cannot be said that the superior court had no jurisdiction to inquire into the question whether said minors should be committed to the custody of the probation officer of the county.

[3] ID.—COMMITMENT OF MINORS—SUBSEQUENT RETURN TO PARENTS—AUTHORITY OF SUPERIOR COURT.—After the commitment of said minors to the custody of the county probation officer, the superior court has the authority to return them to the custody of their parents, if that be found safe and advisable.

PROCEEDING on Habeas Corpus to secure the release of certain minors committed to the custody of the county probation officer. Writ discharged.

The facts are stated in the opinion of the court.

W. E. Davies for Petitioners.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondents.

BURNETT, J.—The application was made by the parents of said Ruby H. Hunter and Pearl M. Hunter for a writ of

*habeas corpus* to secure their release from the custody of the probation officer of Butte County. The contention is that by reason of the insufficiency of the petition against them in the juvenile court in which said commitment was made, said juvenile court had no jurisdiction to commit said minors to the custody of said probation officer. Said petition, in its charging part, alleged: "That said Ruby H. Hunter and Pearl M. Hunter are neglected and delinquent children in this, that they are both of school age and have not been attending the public schools of the said County of Butte, and that they have been keeping undesirable company with men, to-wit: two Hindu men, going about from place to place in automobiles with said Hindus, and associating with them at various and different times, and that one of said Hindus had a desire to marry one of said girls, made application to the county clerk of Butte County for a marriage license to marry her and was refused such license by the said county clerk, and that Ruby H. Hunter and Pearl M. Hunter in company with their father, John Hunter, and their brother, Robert Hunter, then went to Sacramento and made application for a license to marry and were refused such license; and that the parents, both of them, do not and cannot exercise the proper parental control and management of the said two minor children; that the said two minor children are of the age of seventeen years and have only gone so far as the third grade in the grammar schools of the county, and that they are both sound and healthy, physically and mentally."

The matter came on regularly for hearing before the superior court of said county, sitting as a juvenile court, and all the parties in interest being present, the evidence was heard, and, after due consideration, the court found that the parents of said minors were incapable of exercising proper parental control over said Ruby H. Hunter and Pearl M. Hunter and that they, and each of them, were at said time, and now are, in need of such proper parental control; that by reason of the neglect of the said father and mother the home of said minors was and is an unfit place for them, "and that the said Ruby H. Hunter and Pearl M. Hunter, for a period of time prior to the said 15th day of December, 1919, were and neither of them were properly disciplined, controlled and managed and

that they and each of them were leading a very neglectful and careless life and in danger of being led astray or induced into immoral or lewd lives, and if not properly cared for, managed, controlled and disciplined, were and each of them were in great danger.'' It is further found that said minors, for two months, had been keeping company and going about the country with two Hindu men, taking rides with them about the country, and attending picture shows, that their education had been neglected, that they were not required to attend school, that said minors were in great need of proper care and training and parental control, and that the parents were neglectful of the education of said minors and made little effort to manage and control them; that as a result of these facts said Ruby H. Hunter and Pearl M. Hunter ''were and now are in danger of leading and living a life of immorality.'' The court thereupon committed said minors to the detention home of said Butte County, directing ''that they be safely cared for and maintained until the further order of this court and said Ruby H. Hunter and Pearl M. Hunter are to continue to be and remain wards of the county until they and each of them obtain the age of twenty-one years, unless otherwise ordered by this court.''

It is not disputed that by virtue of the provisions of the Juvenile Court Law (Stats. 1915, p. 1225) the findings of the court were and are sufficient to justify the commitment of said minors to said detention home. In this connection we may call attention to the fact that said Juvenile Court Law applies to the following persons under the age of twenty-one years, to wit: One ''who has no parent or guardian willing to exercise or capable of exercising proper parental control, or who had no parent or guardian actually exercising such proper parental control and who is in need of such control'' (sec. 1, subd. 2) ; and one ''who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life.'' (Sec. 1, subd. 11.)

[1] It may be further stated that we must assume that ample evidence was presented to the court to justify said finding and said commitment. Under such circumstances after a full hearing with ample opportunity for all parties in interest to present whatever evidence they might desire, it is apparent that the allegations of the petition upon

which the proceeding was based should not be criticised with the same degree of severity as would be proper if it were tested before any trial was had or any evidence introduced. Indeed, as a matter of substantial justice, it is fair to say that by reason of the alleged defects in said petition no prejudice has resulted to petitioners; since they are now held by a commitment issued out of a court of competent jurisdiction and based upon sufficient findings, which, in turn, we must assume, were the product of a full and fair investigation and trial in a case authorized by said Juvenile Court Law.

[2] Moreover, while said petition is somewhat defective in all of its material allegations and some of its averments are entirely without pertinent significance, yet we cannot say that it appears therein that the court had no jurisdiction to inquire into the question whether said minors should be committed to the custody of said probation officer. In fact, by fair intendment, it does appear that their parents were incapable of exercising over said minors proper parental control, that said minors were leading an idle life, associating with undesirable persons in a manner likely to induce lewd and immoral practices, and their home was an unfit place for their habitation, comfort, discipline and development. No further comment upon said petition is deemed necessary.

Of course, it is a serious matter to deprive parents of the care and companionship of their minor children, especially their daughters, but we must assume that the court acted for the best interests of the girls as well as of the community. [3] It may be added, it is to be hoped, that within a short time it may be found safe and advisable to return said minors to the custody of their parents. This the lower court has the authority to do, but no warrant has been shown herein for us to interfere with that discretion or to disturb the commitment.

The writ is discharged and the petitioners remanded.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.