[Crim. No. 700. Second Appellate District, Division Two.—February 11, 1920.]

In the Matter of the Application of GUADALUPE and ELVIRA GUTIERREZ, for a Writ of Habeas Corpus.

[1] JUVENILE COURT LAW—COMMITMENT OF MINORS—JURISDICTION—SUFFICIENCY OF FINDINGS.—A finding by the juvenile court that the allegation of the petition that the minors have "no parent or guardian capable of exercising parental control" is true, substantially meets the requirements of subdivision 2 of section 1 and of section 9a of the juvenile court law, and is sufficient to show the jurisdiction of the court.

[2] Habeas Corpus—Writ of Error—Error of Procedure—Jurisdiction.—The writ of *habeas corpus* is not intended to perform the functions of a writ of error for the purpose of reviewing mere errors or irregularities of proceedings of a court having jurisdiction of the person and subject matter involved.

[3] Id.—Sufficiency of Petition Under Juvenile Court Act—Review on Habeas Corpus.—The petition filed under the Juvenile Court Act is a pleading filed in a court of record, and even where it is obviously open to demurrer for an insufficient statement of the facts which would confer jurisdiction, if it appears from the declarations that there is a purported or attempted statement of facts which would confer jurisdiction, the question as to such sufficiency of statement will not be examined into on *habeas corpus*.

[4] Id.—Evidence not Reviewable.—In a proceeding on *habeas corpus* to secure the release of infant children committed to the custody of the county probation officer by an order of the juvenile court, in proceedings under the juvenile court law, the sufficiency of the evidence to support the order of commitment cannot be questioned.

PROCEEDING on Habeas Corpus to secure the release of infant children committed to the custody of the county probation officer. Writ discharged.

The facts are stated in the opinion of the court.

E. F. Du Fresne for Petitioner.

E. S. Lovett for Respondent.

SLOANE, J.—This application for a writ of *habeas corpus* for release of two infant children from the custody of the probation officer of San Diego County was made by the father of the minors. The infants, aged three years and one year, respectively, were committed to the custody of the probation officer by an order of the juvenile court, in proceedings under the juvenile court law. The petition on which the commitment was made charged that the minors "have no parent or guardian capable of exercising proper parental control," and that they are within the provisions of subdivision 2 of section 1 of the act. The court found, in making the commitment, "that the allegations of fact contained in the petition are true."

[1] The jurisdiction of the court is attacked for alleged insufficiency of the petition and findings.

Although the statement of facts upon which jurisdiction in this matter must rest is rather meager, we think it sufficient to confer jurisdiction.

Subdivision 2 of section 1 of the juvenile court law provides that its terms apply to any person under the age of twenty-one years "who has no parent or guardian; or who has no parent or guardian willing to exercise or capable of exercising proper parental control." Section 9b of the act provides that "no ward of the juvenile court as defined in this act shall be taken from the custody of his parent or legal guardian without the consent of such parent or guardian, unless the court shall find such parent or guardian to be incapable of providing, or to have failed or neglected to provide proper maintenance, training and education for said person." The finding of the court that the allegation of the petition that these minors had "no parent or guardian capable of exercising proper parental control," was true, substantially meets the requirements of these provisions.

[2] The writ of *habeas corpus* is not intended to perform the functions of a writ of error for the purpose of reviewing mere errors or irregularities of proceedings of a court having jurisdiction of the person and subject matter involved. [3] The petition filed under the Juvenile Court Act is a pleading filed in a court of record. And even where the petition is obviously open to demurrer for an insufficient statement of the facts, if it appears from the declarations that there is a purported or attempted statement of facts which would confer jurisdiction, the question as to such sufficiency of statement will not be examined into on *habeas corpus*. (*Matter of Application of Clifton*, 26 Cal. App. 334, [146 Pac. 1064]; *Matter of Ruef*, 150 Cal. 665, [89 Pac. 605]; *Matter of Todd*, 44 Cal. App. 496, [186 Pac. 790.) [4] Neither can we question the sufficiency of the evidence to support the order of commitment in this proceeding. Application for a writ of *habeas corpus* to avoid a judgment of court is in the nature of a collateral attack upon the jurisdiction, and can only be maintained where the want of jurisdiction is shown; and in such a proceeding the sufficiency of the evidence cannot be reviewed. (*In re Kennedy*, 144 Cal. 634, 103 Am. St. Rep. 117, 1

Ann. Cas. 840, 67 L. R. A. 406, 78 Pac. 34]; *In re Jacobs,* 175 Cal. 661, [166 Pac. 801]; *In re Leonardino,* 9 Cal. App. 690, 100 Pac. 708]; *Matter of Todd,* 44 Cal. App. 496, [186 Pac. 790]; *Ex parte Sternes,* 77 Cal. 156, [11 Am. St. Rep. 251, 19 Pac. 275]; *Ex parte Ah Men,* 77 Cal. 198, [11 Am. St. Rep. 263, 19 Pac. 380]; *Ex parte Clark,* 110 Cal. 405, [42 Pac. 905].)

The case of *In re Brodie,* 33 Cal. App. 751, [166 Pac. 605], cited by petitioner, in which the order of the juvenile court was reversed for insufficient findings, was on an appeal from the order. A writ of *habeas corpus* taken upon the same record was denied, in proceedings reported in the same volume at page 808. In the very recent case of *Matter of Hunter,* 45 Cal. App. 505, [188 Pac. 63], an application for *habeas corpus* arising from a juvenile court order on grounds of insufficiency of proceedings to give jurisdiction—though it must be admitted upon a more satisfactory record than appears here—the writ was denied, the court holding that ''while said petition is somewhat defective in all its material allegations and some of its averments are entirely without pertinent significance, yet we cannot say that it appears therein that the court had no jurisdiction to inquire into the question whether said minors should· be committed to the custody of such probation officer.'' The court in its opinion very pertinently adds ''that it is of course a very serious matter to deprive parents of the care and companionship of their minor children.'' If, in the present instance, the contention of the petitioner that the evidence does not support the judgment of the court is well founded, he still has his remedy by appeal, under conditions that will permit of a review of error in that or any other particular attending the proceedings in the juvenile court.

In the application of the general rules governing *habeas corpus* proceedings to juvenile court acts, we find no enlargement of the power of the courts on *habeas corpus* to go behind the record of the commitment to review the evidence. It may be said that even a larger discretion is recognized in the courts in dealing with matters pertaining to children than in other cases. The objection that the informal procedure of juvenile courts does not constitute due process of law, and hence that the parental rights to the child's custody cannot be taken away by order or

46 Cal. App.—7

commitment has almost uniformly been overruled. The wider discretion here recognized arises from the fact that it is not alone the rights of the parent, but the welfare of the child that are presented to the court for determination. It is well to bear in mind, however, that it has long been a salutary rule of the domestic life of this country to recognize the rights of parents, in the absence of radical abuses, to bring up their children in their own way. The family is the fundamental basis of civilized society, divinely instituted, and mere incidents of poverty, or ignorance, or inadequacy in high ideals or standards in the homes should not be made to justify taking young children from their natural guardians to make them wards of the state, or to give them to other relatives better qualified, in the estimation of the courts, to bring them up.

The comments of the learned judge who made this order of commitment, as contained in the record, indicate that he had these considerations clearly in mind, and we would not in any event in this proceeding be justified in calling in question the correctness of his conclusions from the evidence before him. We are, therefore, expressing no opinion on that point.

The writ is discharged.

Finlayson, P. J., and Thomas, J., concurred.