[Nos. 2658, 2659. June · 8, 1925]

## BLANCHARD v. STATE ex rel. WALLACE
### (two cases).

### SYLLABUS BY THE COURT

1. In a proceeding under the Neglected and Dependent Children's Act (chapter 85, Laws of 1917), an information charging neglect and dependency in the language of the statute, not being demurred to, is sufficient to support jurisdiction.

2. The venue of proceedings, under Neglected and Dependent Children's Act (chapter 85, Laws of 1917), is the county where the child is found.

3. Judgment awarding custody of illegitimate children to parents, by adoption, in habeas corpus proceedings, instituted by putative father, attacking the adoption as invalid for lack of notice to him, is not a bar to proceedings by state, under chapter 85, Laws of 1917.

4. In proceedings, chapter 85, Laws of 1917, an order for temporary care and custody of the children, and restricting their communication with their parents for adoption, is not an abuse of discretion.

5. In proceedings, under chapter 85, Laws of 1917, the court, having found a child to be neglected and dependent, may permit it to be adopted by a nonresident of the state.

6. Evidence found sufficient, if believed, to support finding of neglect and dependency, under chapter 85, Laws of 1917.

Error to District Court, Chavez County; Brice, Judge.

Proceedings by the State, on the relation of Pauline Wallace, opposed by Francis L. Blanchard, and by the State, on the relation of Hazel Mae Wallace, opposed by William E. Blanchard; both proceedings being under the Neglected and Dependent Children's Act (Laws 1917, c. 85). Proceedings consolidated for trial and for hearing on appeal. Judgment that relators were dependent and neglected, and ordering their adoption, and William E. Blanchard and Francis L. Blanchard bring error. Affirmed.

See, also, 29 N. M. 584, 224 P. 1047.

C. C. Catron, of Santa Fe, Ed S. Gibbany, of Ros-

460 SUPREME COURT OF NEW MEXICO

Blanchard v. State ex rel. Wallace, 30 N. M. 459

well, and H. B. Hamilton, of Carrizozo, for plaintiffs in error.

Renehan & Gilbert, of Santa Fe, for defendant in error.

### OPINION OF THE COURT

WATSON, J. Under chapter 85, Laws of 1917, providing for the care, treatment, control, and disposition of neglected and dependent children, proceedings were had in the district court of Chaves county affecting Hazel Mae Wallace, a female child then of the age of 14 years, and other proceedings affecting Pauline Wallace, a female child then of the age of 12 years. These proceedings were consolidated for trial, and have been consolidated for hearing in this court. See Blanchard v. State ex rel. Wallace, 29 N. M. 584, 224 P. 1047, where certain motions were disposed of.

The lower court adjudged the two children to be dependent and neglected within the meaning of the statute, declared them to be wards of the court, and permitted and ordered their adoption by one Elizabeth J. Kaiser, a resident of California. Writs of error were sued out by William E. Blanchard, father, by adoption, of Hazel Mae Wallace, and by Francis L. Blanchard, father, by adoption, of Pauline Wallace.

[1] The proceedings were commenced by information, filed by the district attorney, alleging in each case:

"That said child has not proper parental care or guardianship, has no responsible parent or guardian, and her home is one where, by reason of neglect, abuse, mistreatment, cruelty, or depravity on the part of a pretended parent, is an unfit place for her."

The information in each case is based upon and refers to an affidavit filed by a citizen, in which affidavit the same allegations are made, together with certain other facts more specific. It is urged by plaintiffs in error that the court was without jurisdiction of the proceedings, because neither the information nor the affidavit stated a case under the statute. Section 2 of the act defines a neglected and dependent child as:

JANUARY TERM, 1925          461

Blanchard v. State ex rel. Wallace, 30 N. M. 459

"Any child, of either sex, under the age of sixteen years, who * * * has not proper parental care or guardianship; * * * or who has no responsible parent or guardian, or who has a home which by reason of neglect abuse, mistreatment, cruelty or depravity on the part of its parents or guardians or the person in whose care it may be, is an unfit place for such child."

The information was not demurred to, and the question was not raised in the lower court until it was included in a motion for a rehearing. We think that the information was sufficient to support the jurisdiction of the court. Ex parte Gutierrez, 46 Cal. App. 94, 188 P. 1004.

[2] Plaintiffs in error contend, at least as to Hazel Mae Wallace, that as her residence and that of her parent by adoption were in Lincoln county, and as all of the facts and acts upon which the state relied to establish her neglected and dependent condition existed and occurred in that county, the district court of Chaves county, where the children were found, had no jurisdiction of the proceedings. It is contended that these are transitory actions which under section 5567, Code of 1915, must be tried where the parties reside. They further contend that the statutory provision for a jury trial fixes the venue in the county in which the alleged acts took place. It seems clear from section 3 of the act that the proceedings are to be had in the county in which the child is found. The Legislature having, by the act itself, fixed the venue, and its power so to do not being questioned, we know of no reason for consulting other statutes which might otherwise have determined the question.

The court made no specific written findings of fact. At the conclusion of the hearing, in announcing its decision, and again in overruling the motion for rehearing, the court commented to some extent upon the evidence, and it is now contended by the plaintiffs in error that the judgment of the neglected and dependent condition of the children is directly in conflict with these comments of the court. We have carefully considered this objection, and cannot sustain it.

462    SUPREME COURT OF NEW MEXICO

Blanchard v. State ex rel. Wallace, 30 N. M. 459

In commenting upon the evidence at the close of the hearing, the court remarked:

"All of the surroundings at the ranch were not proper for little girls, I think, as evidenced from all the evidence in the case, and it does not appear from the testimony there is to be any different situation in the future."

Treating this as a finding of fact, it is contended that it was error because it was proven, and not questioned, that the ranch where the children had been living with William E. Blanchard during the time in question had been sold, and that they were thereafter to live elsewhere. Reading this remark with the context, we are satisfied that the court meant thereby merely that the evidence failed to show that there was likely to be any change in the real objectionable conditions existing. The contention is therefore without merit.

[3] The right to the custody of these little girls had been formerly tested by habeas corpus proceedings. instituted by James Day Wallace, their putative father, against the plaintiffs in error, respectively, as their parents by adoption. Those former proceedings reached this court and are reported under the title "Ex parte Wallace," 26 N. M. 181, 190 P. 1020. It is contended by plaintiffs in error that the present proceedings were instituted at the behest of Elizabeth J. Kaiser, the sister of the said James Day Wallace, for the sole purpose of renewing the litigation thus decided by this court, and were an attempt to overrule and nullify the former decision. In commenting upon the evidence at the close of the hearing, the court remarked:

"The primary mistake in this case was the adoption of little girls by men who have no families."

It is contended that this remark characterizes the court's view of the case; that it was because of this attitude of disapproval of the adoption of female children by bachelors that the court decided as it did; and that this controlling view was in conflict with the decision of this court in the habeas corpus case. That decision had nothing whatever to do with the propriety

JANUARY TERM, 1925 463

Blanchard v. State ex rel. Wallace, 30 N. M. 459

or sound policy of such adoptions. It was decided only that the putative father of illegitimate children is not required to consent to their adoption, and is not entitled to notice of the proceedings. Therefore the putative father could not recover the custody of the children in a habeas corpus proceedings, based upon the supposed invalidity of the adoption proceedings, for lack of notice to him. We see nothing in that decision to foreclose or affect the present proceedings. We attach no significance to the remark of the court other than as a conclusion reached from the evidence in the case. The record discloses that full recognition was given to the legal effect of the decision in the habeas corpus case. That the same persons have shown an interest in both proceedings is but natural.

[4] Upon the filing of the information, an order was made by the court providing for the temporary care and custody of the children and restricting their communication with any of the interested parties; the purpose apparently being to protect the children from undue influence from any source which might affect the testimony they were thereafter to give. This order and the provisions therein made are claimed by plaintiffs in error to have been prejudicial to them, and to constitute an abuse of the court's discretion. After considering all the circumstances existing, we are unable to agree with this contention.

[5] It is claimed that the court erred in permitting the adoption of these children by a nonresident of the state. This claim is based solely on section 19, Code of 1915, being section 7 of chapter 32, laws of 1893, relating to the adoption of children, in which it is provided that a person seeking to adopt a child must file a petition in the probate court of the county in which such person resides. It is urged that the former statute limits the right of petition to residents of the state, and that it is not to be supposed that in the adoption of the later statute the Legislature intended to provide otherwise. Defendants in error contend that the jurisdiction of the district court, under chapter 85, to permit adoption by any individual is

464    SUPREME COURT OF NEW MEXICO

Blanchard v. State ex rel. Wallace, 30 N. M. 459

not restricted by the earlier provision. They also contend that even under the earlier provision a temporary residence in the county, such as that of Mrs. Kaiser, will support jurisdiction. To this point they cite Wolf's Appeal (Pa.) 13 A. 760; Van Matre v. Sankey, 148 Ill. 536, 36 N. E. 628, 23 L. R. A. 665, 39 Am. St. Rep. 196; Rizo v. Burruel, 23 Ariz. 137, 202 P. 234, 19 A. L. R. 823; 1 R. C. L. 603. We think it unnecessary to consider this contention. Granting that the jurisdiction of the probate court can be invoked only by a permanent resident of the county, it does not follow that this limits the jurisdiction of the district court, under chapter 85, section 3 of which provides that the proceedings are to be had in the county where the child is found. To hold that only a resident of the county where the child is found could qualify as an applicant to adopt the child would unreasonably and unnecessarily restrict the operation of the act, the purpose of which is to promote the welfare of the child. This assignment must therefore be overruled.

[6] Plaintiffs in error contend that the evidence does not support the finding that the children were neglected and dependent within the meaning of the statute. They especially urge that the findings must be based largely upon the testimony of the children themselves, and cite Jones on Evidence, § 722, to the point that such evidence is to be received and weighed with great caution. We are impressed, as was the trial judge, with the responsibility of determining the custody of these young girls. Having also in view the legal rights of the adoptive parents, as declared in the former decision, we have reviewed the evidence in this case with care. It would serve no useful purpose to detail it here. It is not for us to weigh it wherein the facts are in dispute. That, under our system, is peculiarly within the province of the trial judge who heard it. The testimony of the children is not without corroboration and, if believed, it fully justified the findings.

Finding no error in the record, the judgment will be affirmed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.