[Crim. No. 1588. First Appellate District, Division Two.—August 16, 1930.]

In the Matter of the Application of SAM DELGADO for a Writ of Habeas Corpus.

A. M. More for Petitioner.

Earl Warren, District Attorney, and T. A. Westphall, Jr., Deputy District Attorney, for Respondent.

STURTEVANT, J.—This is an application for a writ of *habeas corpus*. Heretofore the petitioner filed an application in which he alleged that he was being illegally held in jail and restrained of his liberty. Thereafter this court directed that a writ issue and made said writ returnable

on the fourteenth day of July, 1930. Later the sheriff of Alameda County duly made his return in which he set forth that the petitioner was held by him pursuant to a judgment of the city court of the city of San Leandro and attached to his said return a copy of said judgment. To that return the petitioner has filed no answer. The petitioner claims that a complaint was filed in the city court of San Leandro; that a warrant was issued; that he was adjudged guilty, and that he was sentenced to sixty days in the county jail of Alameda. ██ The illegality of his restraint consists of the claim that the complaint was not sworn to before a justice of the peace. (Pen. Code, sec. 1426.) To this claim there are two complete answers. In the first place, as the petitioner did not answer the return and set forth the irregularity complained of, this court does not know what the facts are. Upon the issuance of the writ the petition became *functus officio*. (*In re Collins*, 151 Cal. 340, 342 [129 Am. St. Rep. 122, 90 Pac. 827, 91 Pac. 397].) ██ However, if we use the petition as a traverse to the return we find that the petitioner attached to the petition a paper purporting to be the complaint. That document appears to be regular in every respect, but does not appear to have been sworn to. Neither does it appear on its face it was filed. Moreover, the petition does not allege it to be a complete copy. Continuing, the petition alleges that on May 10, 1930, an application was made to the Superior Court of Alameda County for a writ of *habeas corpus*. That on said hearing the clerk of the justice of the peace who sentenced the petitioner was called as a witness. That while testifying he stated that the complaint did not show on its face that it had been sworn to, but the clerk testified that he personally administered the oath. This court is left to guess whether the real act complained of is that the complaint was not sworn to at all or if sworn to that the person administering the oath was not a person authorized to administer such an oath. ██ Of course, the statements of the clerk as to the contents and form of the complaint were incompetent as evidence. ██ The petitioner cites us to no authority to the effect that the clerk did not have authority to administer the oath. Section 1426 of the Penal Code did not require that the justice of the peace should personally administer the oath before

a complaint could be filed in his office. ■ The second answer is that if the complaint was not formally sworn to the proceeding was irregular. However, the defect in the form of the complaint did not render the judgment void. (Pen. Code, sec. 1404; *In re Marshal*, 6 Idaho, 516 [56 Pac. 470].)

The writ is denied and the petitioner is remanded.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1930.