[Crim. No. 274. Fourth Appellate District.—October 6, 1934.]

In the Matter of the Application of MIGUEL GUTIERREZ, Jr., for a Writ of Habeas Corpus.

James M. Carter and Grover C. Johnson for Petitioner.

Elmer W. Heald, District Attorney, for Respondent.

JENNINGS, J.—This is an application for a writ of *habeas corpus*. A petition for the writ was filed with this court, wherein it was alleged that Miguel Gutierrez, Jr., was being illegally confined in the county jail of Imperial County. Thereafter, this court directed the issuance of the writ and made the same returnable on August 21, 1934. On the last-mentioned date the sheriff of Imperial County made his return in which he alleged that the said Miguel Gutierrez, Jr., was held in custody by him by virtue of the authority contained in a commitment issued by the Justice's Court of Brawley Township in said Imperial County. Attached to the return is a copy of the commitment and a copy of the com-

plaint filed in said justice's court, wherein the said Miguel Gutierrez, Jr., was charged with the offense of vagrancy. Included with the return and forming a part of it is an answer by said sheriff to the petition for the issuance of the writ. This answer contains a general denial of each and every allegation of the petition, an admission that the said Gutierrez was held in custody by him until he was released on bail by order of this court, a specific denial that the imprisonment and detention of Gutierrez was illegal, and a denial, based on lack of information, of the various other allegations of the petition. Attached to the answer thus filed and forming a part thereof is an affidavit of the justice of the peace of Brawley Township. This affidavit contains a detailed statement in narrative form of the proceedings which were held in the Justice's Court of Brawley Township in the case in which said Miguel Gutierrez was accused of the offense of vagrancy and which resulted in the conviction of said Gutierrez of the commission of said crime and of his being sentenced to be confined in the county jail of Imperial County for a term of four months as punishment therefor. No traverse of the allegations contained in the return and answer thus filed has been made by the petitioner herein and no stipulation has been entered into whereby we are permitted to consider the petition for the writ as a traverse to the sheriff's return.

The situation which is thus presented is, therefore, that we have here a return made by the officer to whom the writ was directed, which shows that the person on whose behalf the petition was filed was confined in the county jail of Imperial County by authority of a commitment issued by the justice of the peace of Brawley Township, which commitment appears to be legal and valid on its face and that there is no denial of the allegations contained in said return and in the affidavit of the justice of the peace thereto attached. These facts would justify a prompt discharge of the writ heretofore issued by this court. ■ The function of the petition for a writ of *habeas corpus* is to secure the issuance of the writ and when the writ has issued the petition has accomplished its purpose. The writ requires a return by the officer or other person who has custody of the prisoner. To the return the petitioner may present exceptions, raising questions of law, or a traverse, raising issues of fact, or both. (*In re*

*Collins,* 151 Cal. 340 [90 Pac. 827, 91 Pac. 397, 129 Am. St. Rep. 122] ; *In re Delgado,* 107 Cal. App. 688 [290 Pac. 589].) Here the petitioner has neither presented legal exceptions to the return nor has he denied the allegations of the return. Under the established rules of this procedure we have therefore a return of the officer to whom the writ was directed, which shows that at the time the prisoner was released on bail by order of this court he was holding him in custody by virtue of the authority of a valid legal commitment and no exception raising questions of law has been made to such return and no denial of the facts set forth in the return has been presented.

If, however, we treat the petition as an answer to the return the situation is hardly more advantageous to petitioner. He has alleged in his petition that the person in whose behalf the application is made was arrested on May 18, 1934, and that on the following day he was taken before the justice of the peace who told him that he was charged with vagrancy without specifying the particular subdivision of the statute (Pen. Code, sec. 647) mentioned in the complaint and that he was asked how he pleaded; that he said "not guilty"; that the justice then informed him he was entitled to a trial by jury and that he could have any subpoenas he wished to compel the attendance of witnesses in his behalf; that the prisoner then stated that he desired a jury trial and that he had a lawyer to represent him; that he was thereupon returned to jail in default of bail and was not informed of the date of trial; that he remained in jail until May 29, 1934, when he was again brought before the justice of the peace in company with six other persons and the court commenced the joint trial of the seven persons, none of whom was represented by counsel; that at this time Miguel Gutierrez, Jr., presented to the justice of the peace a list of fifteen persons, with the request that the individuals there named be brought into court; that the justice then informed him that his request came too late and that he should have requested the issuance of subpoenas for the attendance of such persons on the date of his arraignment; that three unnamed witnesses gave certain testimony the substance of which is set forth; that upon the conclusion of this testimony the justice asked if any of the defendants had anything to say in their favor, whereupon two of them gave certain testimony whose sub-

stance is related; that the defendants were thereupon taken to the city jail in Brawley where they remained until 5 P. M. of the date of trial when they were returned to court and the justice of the peace imposed certain specified sentences of imprisonment upon them.

Basing his contention on the above-mentioned allegations, it is urged that Miguel Gutierrez, Jr., was deprived of certain constitutional rights and privileges whereby he was not accorded a fair trial and that consequently the sentence of imprisonment pronounced upon him was invalid and he is entitled to be released from custody. In particular it is contended that Gutierrez was not informed of the charges against him, that he was denied counsel and was not represented by counsel, that he was denied the right of trial by jury, that he was not informed of the time of trial, that he was not afforded the opportunity of securing the attendance of witnesses in his behalf and was thus deprived of the privilege of presenting such witnesses, that no evidence was produced which showed that he was guilty of the commission of any crime.

With respect to the contention that no evidence tending to show that Gutierrez was guilty of the commission of any criminal offense was presented at the trial it will suffice to say that the writ of *habeas corpus* may not be used as a means of considering the question of the alleged insufficiency of the evidence produced during the trial of a criminal action. (*In re Jacobs,* 175 Cal. 661 [166 Pac. 801]; *In re Horr,* 177 Cal. 721 [171 Pac. 801]; *In re Williams,* 183 Cal. 11 [190 Pac. 163]; *In re Gutierrez,* 46 Cal. App. 94 [188 Pac. 1004]; *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]; *In re Samaha,* 130 Cal. App. 116 [19 Pac. (2d) 839].) Furthermore, even if it could be so used it would be incumbent upon petitioner to present a complete record of such evidence.

With respect to the alleged failure of the justice of the peace to inform him of his legal rights, it must be observed, first, that, treating the petition as a traverse to the return, the pleadings are conflicting upon this matter, and second, that, even if it may be assumed that there was a failure to inform him of his legal rights such failure is not a ground for discharge on *habeas corpus.* The proper method of presenting this objection is by appeal from the

judgment. (*Ex parte Ah Sam,* 83 Cal. 620 [24 Pac. 276]; *In re Maldonado,* 97 Cal. App. 288 [275 Pac. 495].)

■ The same conclusion must be reached with respect to the following contentions: First, that he was not afforded an opportunity to secure the issuance of subpoenas to compel the attendance of witnesses in his behalf and was thereby deprived of the privilege of presenting the testimony of such witnesses; second, that he was not informed of the date of trial; third, that he was denied counsel and was not represented by counsel; fourth, that he was denied the right of trial by jury. Each of the foregoing rights is one that he could have waived and the alleged denial of any one or all of them might properly have been raised by appeal but is not a ground for discharge in this proceeding. ■ In particular the alleged denial of the right to a trial by jury is not an objection which goes to the jurisdiction of the court which pronounced the judgment whose effect is sought to be nullified by the issuance of the writ. (*In re Fife,* 110 Cal. 8 [42 Pac. 299]; *In re Turck,* 37 Cal. App. 601 [174 Pac. 100].)

■ The final contention of petitioner is that the petition specifically alleges that Miguel Gutierrez, Jr., is sixteen years of age, which fact is not controverted in the return to the writ, and that, being under the age of eighteen years, he was entitled by virtue of the provisions of the Juvenile Court Act to be certified to the juvenile court. It is urged that the denial of this legal right affects the jurisdiction of the justice's court and that it furnishes a sufficient ground for the discharge of Gutierrez through the medium of the writ of *habeas corpus.* Unfortunately for Gutierrez the petition nowhere alleges that at any time it was suggested to the justice of the peace of Brawley Township that Gutierrez was under the age of eighteen years. Section 6 of the Juvenile Court Law provides that whenever a complaint is filed in any court other than a superior court charging a person with a crime and it shall be suggested or shall appear to the judge of such court that the person charged was under the age of eighteen years on the date on which the crime was alleged to have been committed, the judge shall immediately suspend all proceedings against such person and examine into his age and if it shall appear to the satisfaction of the judge that such person was under eighteen years of age on the date

when the crime is alleged to have been committed he shall forthwith certify said person to the juvenile court. The plain language of the law imposes upon the juvenile the burden of at least suggesting to the court that he is under the age of eighteen years. In the absence of such suggestion and unless it appears to the judge that the individual charged with the commission of a criminal offense is under the specified age, no duty arises to suspend the proceedings and examine into the age of the accused. Since the petition entirely fails to show that Gutierrez at any time suggested that he was under the age of eighteen years and there is in the petition no allegation or intimation that it ever appeared to the justice of the peace that he was under eighteen years of age it necessarily follows that he may not, in this proceeding, complain that he was deprived of a legal right which affected the jurisdiction of the trial court and thus obtain his discharge from custody. (*People* v. *Oxnam*, 170 Cal. 211 [149 Pac. 165]; *In re Bastiani*, 81 Cal. App. 294 [253 Pac. 951]; *People* v. *Luzovich*, 127 Cal. App. 465, 468 [16 Pac. (2d) 144].)

The writ is therefore discharged and Miguel Gutierrez, Jr., is remanded to the custody of the sheriff of Imperial County.

Barnard, P. J., and Marks, J., concurred.