[Crim. No. 444. Fourth Appellate District.—July 10, 1939.]

In the Matter of the Application of GEORGE H. PATE for a Writ of Habeas Corpus.

Leslie L. Burr for Petitioner.

Elmer W. Heald, District Attorney, for Respondent.

MARKS, J.—This is a proceeding in *habeas corpus*. The writ was issued because the petitioner alleged in his petition that no complaint accusing him of a crime had been filed against him.

The return of the sheriff has attached to it a true copy of a commitment issued by the Justice of the Peace of the Third Judicial Township of Imperial County as his authority for restraining petitioner.

The justice of the peace who issued the commitment appeared as a witness in the hearing before us. He testified that he prepared a complaint charging petitioner with assault and battery; that this complaint was signed and sworn to before him by the complaining witness; that a warrant of arrest was issued; that petitioner was brought before him (the justice of the peace); that the complaint was read to petitioner; that he was informed of all his rights; that he requested time in which to plead; that thereafter on the same day, at his own request, he was again brought before the justice of the peace; that he waived time to plead and entered a plea of guilty; that he waived time for pronouncement of judgment; that judgment was then pronounced and the commitment issued. The justice of the peace further testified that the complaint and warrant of arrest cannot now be found; that they either have been taken from his files, misfiled or lost.

The complaining witness testified that the written complaint was prepared by the justice of the peace; that he (the complaining witness) read it, signed it and swore to its truth.

The docket of the justice of the peace was introduced in evidence. Its entries are regular in form and corroborate the parol evidence we have outlined.

Under authority of *In re Williams,* 183 Cal. 11 [190 Pac. 163], we must conclude that a complaint charging petitioner with a criminal offense of which the justice's court had jurisdiction, assault and battery, was regularly filed against him. The mere absence of the complaint from the files in the justice's court is not sufficient to overcome the evidence of the witnesses who testified before us.

Petitioner urges that the record as it now stands in the justice's court does not show the offense with which he was charged and of which he stands convicted; that, therefore, a plea of former jeopardy could not be supported in a second prosecution for the same offense. This contention is without merit. The contents of a lost or destroyed writing may be proved by parol. The crime committed by petitioner was clearly described in the evidence given before us. The commitment shows he was convicted of assault and battery.

Petitioner complains of purported errors committed in the justice's court. These were all errors of law which might have been urged on appeal. Such errors of law do not go to the jurisdiction of the justice's court and cannot be urged in this proceeding in *habeas corpus* which can only test the jurisdiction of that court as the process under which petitioner is held is regular on its face. (*In re Delgado,* 107 Cal. App. 688 [290 Pac. 589]; *In re Gutierrez,* 1 Cal. App. (2d) 281 [36 Pac. (2d) 712].)

The writ is discharged and the prisoner is remanded to the custody of the sheriff of Imperial County.

Barnard, P. J., concurred.