KENNETH IRWIN and MABEL IRWIN, Appellants, v. STATE DEPARTMENT OF PUBLIC WELFARE, Appellee.

---

[2]My emphasis.

(*September* 21, 1956.)

HERRMANN, J., sitting.

*E. N. Carpenter*, II, (of Richards, Layton and Finger) for the appellants.

*Richard J. Baker*, Deputy Attorney-General, for the appellee.

Orphans' Court for New Castle County.

HERRMANN, J.:

The question presented for decision is whether American citizenship is a prerequisite for adopting parents under the Delaware Adoption Statute.

The appellants, husband and wife, seek reversal of the refusal of the Department of Public Welfare to permit the placement of a child with them for adoption. The Department refused to permit the placement on the ground that the appellants are not citizens of the United States and, therefore, are not qualified to adopt under the Adoption Law of this State.

The appellants have been residents of New Castle County since August 1955 but they are citizens of Canada. Mr. Irwin is employed in this County and the appellants plan to settle here permanently and to apply for American citizenship as soon as they are eligible. The appellants' home has been approved for adoption purposes by the authorized agency involved and the appellants have met all other requirements of the Statute, of the agency and of the Department of Public Welfare. The appellants' alien status is the only ground given for the Department's refusal to permit the agency to place a child with the ap-

pellants for adoption. The appellants invoke the jurisdiction of this Court under 13 *Del. C.* § 905.

The Adoption Statute of this State provides as follows: 13 *Del. C.* § 903;

"§ 903. Who may adopt

"(a) An unmarried resident of this State who is over 21 years of age, or, jointly, a husband and wife, residents of this State who are not legally separated or who are not living apart from each other, or a divorced or legally separated resident of this State may petition the Orphans' Court for an order authorizing the petitioner or petitioners to adopt a minor child or children not his, hers or theirs. * * *"

Nothing in this or any other section of the Adoption Law expressly provides that citizenship is a prerequisite for adopting parents. Throughout the Statute the right to adopt is expressly confined to residents but there is silence as to citizenship.

The appellee contends that the requirement of citizenship is implied in the word "resident" and that the latter word, as used in the Statute, should be construed to include only citizens of the United States residing within this State. The appellee bases this contention upon the proposition that the Adoption Statute is in derogation of the common law and must be strictly construed.

I am unable to agree with the appellee's position. It is my opinion that the language of our Statute is clear and unequivocal and that the word "resident", as used in our Adoption Law, must be read to include any person having a bona fide residence in this State citizen and non-citizen alike.

If the requirement of American citizenship is to be made a prerequisite to the right to adopt in this State, the Legislature must create the limitation. The word "resident" must be given its usual and ordinary meaning. Usually the word "resident" does not carry the connotation of citizenship either in its ordinary or its legal usage. Generally speaking, legal rights and remedies and

access to our courts do not depend upon citizenship. See *Petition of Bernheimer*, 3 *Cir.,* 130 *F.* 2d 396; *Ex Parte Kawato*, 317 *U. S.* 69, 63 *S. Ct.* 115, 87 *L. Ed.* 58. I find no reason to conclude that the Legislature intended to create in our Adoption Statute a novel limitation upon the right to petition this Court or an exception to general concepts based upon a very special usage of the word "resident". It seems that the Legislature would have been explicit in making citizenship a prerequisite if that had been the legislative intent.

■■ Careful consideration has been given to the appellee's contention that it is unwise to permit aliens to adopt a citizen with the possibility that the adopting parents may return to their native land with the child and deprive him of his birthright to be reared in the United States. There are two answers to this argument. One is that the Legislature obviously relied upon the authorized agency, the Department of Public Welfare and this Court to consider the circumstances in each case and to guard against the probability of any course of conduct by the adopting parents which would be adverse to the best interests of the child. See *In re Goodman's Adoption, Del. Orph.,* 121 *A.* 2d 676. Secondly, courts may not change statutes by interpretation because they are deemed to be unwise. If the requirement of American citizenship is to be written into our Adoption Law as a safeguard against the kind of danger conceived by the appellee, such requirement must be created by the Legislature. Compare 1 *Am. Jur.* "Adoption of Children", § 32; *Appeal of Wolf,* 10 *Sad. Pa.,* 139, 13 *A.* 760; *Rizo v. Burruel,* 23 *Ariz.* 137, 202 *P.* 234, 19 *A. L. R.* 823; *Blanchard v. State ex rel. Wallace,* 30 *N. M.* 459, 238 *P.* 1004.

It is held that the State Department of Public Welfare erred in its ruling that the appellants are precluded by the Statute from perfecting an adoption under the laws of Delaware because they are not citizens of the United States.

Accordingly, the decision of the appellee will be reversed.