[Crim. No. 577. Second Appellate District.—November 22, 1917.]

In the Matter of the Application of LESLIE NORTHON for a Writ of Habeas Corpus.

CRIMINAL LAW—PRELIMINARY EXAMINATION—SUGGESTION AS TO AGE OF DEFENDANT—REFUSAL TO HEAR TESTIMONY—JURISDICTION NOT DIVESTED—CONSTRUCTION OF JUVENILE COURT ACT.—In view of section 4d of the Juvenile Court Act (Stats. 1915, p. 1225), which provides that no person under the age of eighteen years at the time of the commission of an alleged crime shall be prosecuted until the matter has been first submitted to the juvenile court, and of section 6, which provides that whenever a complaint is filed in any other court than a superior court charging a person with a crime and it shall be suggested or shall appear to the judge or justice that the person charged was under the age of eighteen years, he shall immediately suspend all proceedings on the charge and examine into the age of such person, and if it appears to his satisfaction that such person was under the age of eighteen years, he shall certify the case to the juvenile court, it was error for a justice of the peace on a preliminary hearing to

35 Cal. App.—24

refuse to hear testimony as to the age of the defendant, upon sugges-
tion being made that the defendant was under the age of eighteen
years, but the action of the justice did not divest him of jurisdiction
so as to justify the discharge of the defendant on *habeas corpus*
from custody under the justice's commitment, in view of section 6
of the act, which apparently authorizes the juvenile judge to examine
the case and commit the defendant for prosecution, or to certify back
to the magistrate any such case which may have been sent to him
under the provisions of the juvenile law.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Lewis R. Kirby, for Petitioner.

W. F. Schuermeyer, District Attorney, and James G. Pfanstill, Assistant District Attorney, for Respondent.

JAMES, J.—Petitioner herein seeks to be discharged from the custody of the sheriff of the county of San Diego. The return made to the writ shows that the sheriff claims the right to keep petitioner in custody by virtue of a writ of commitment issued on the twenty-second day of October, 1917, by a justice of the peace, whereby petitioner was held to answer for trial in the superior court on the charge of murder. The return further shows that following the order of commitment an information was filed by the district attorney in the superior court formally charging petitioner with the crime mentioned, and that proceedings thereunder are pending. The particular ground urged as a reason why the order sought should be made is that at the preliminary examination of petitioner it was suggested to the justice that petitioner was under the age of eighteen years, and that, therefore, the proceeding should have been certified to the juvenile court under the provisions of the act of the legislature of 1915 (Stats. 1915, p. 1225). A transcript of the testimony heard and proceedings had before the justice of the peace is appended to the petition. It appears therefrom that before any witnesses were sworn counsel for defendant stated to the court that the defendant was seventeen years of age and asked the court "not to proceed with the examination, but to certify it to

the juvenile court." Counsel then offered the father of peti-
tioner as a witness to confirm the statement as to the age of the
defendant, and the justice thereupon replied: "At his last ap-
pearance before the court the defendant was asked as to his age
and he said he was seventeen. Let the record show that the
court stated he had been advised he was under the age of eigh-
teen and the motion to certify is now by the court denied."
This objection, having to do with the age of the defendant, was
interposed throughout the examination, and the justice of the
peace, at the conclusion thereof, made his order holding the
defendant to answer for the crime charged; and it may be
remarked that the evidence produced before the magistrate
showed that the petitioner, in conjunction with another per-
son, committed a most deliberate, cold-blooded, and dastardly
murder. The argument is here advanced that the order
prayed for should be made on the ground that the justice
of the peace, after the suggestion was made as to the defend-
ant before him being under the age of eighteen years, was
without jurisdiction to further proceed in the matter. We
have examined the several sections of the juvenile court law
and cannot agree with petitioner's counsel in this conclusion.
It is true that section 4d of the act referred to first provides
that no person under the age of eighteen years at the time of
the commission of the alleged crime shall be prosecuted until
the matter has been first submitted to the juvenile court.
Section 6 of the same act provides that whenever a complaint
is filed in any court other than a superior court charging a
person with a crime "and it shall be suggested or shall appear
to the judge, justice or recorder before whom such person is
brought that the person charged was at the date the offense
is alleged to have been committed under the age of eighteen
years, the said judge, justice or recorder, shall immediately
suspend all proceedings against such person on said charge
and examine into the age of such person, and if, from such
examination, it shall appear to the satisfaction of said judge,
justice or recorder, that such person was at the date the
offense is alleged to have been committed under the age of
eighteen years, he shall forthwith certify to the juvenile court
of his county," etc. It will be seen that a magistrate is not
deprived of jurisdiction of the charge or proceeding where
the suggestion is made that the person prosecuted is under
the age of eighteen years. The act makes it the duty of the

magistrate to hear evidence to ascertain the age of the party, where suggestion is so made. The action of a justice in refusing to hear testimony as to the age of a defendant appears to us to be an error, but the magistrate was not divested of jurisdiction in the matter before him. If this position is sound, and we are confirmed in our belief that it is, then the petition should not be here granted. The juvenile court law does not in terms forbid the prosecution for crime in the superior court of a person under the age of eighteen years, for in section 6 of the act above cited there is a provision which would appear to authorize the juvenile judge to examine the case and commit the defendant for prosecution, or to certify back to the magistrate any such case which may have been sent to him under the provisions of the juvenile law. Moreover, the petitioner herein is now before the superior court under charge made by the information of the district attorney. In that proceeding he will be given opportunity to raise every question affecting the matters which he urges here. (*People* v. *Oxnam,* 170 Cal. 211, [149 Pac. 165].) Our conclusion is that the order of commitment under which the sheriff has justified his detention of petitioner is not invalid or void by reason of the facts shown.

The writ is discharged and petitioner remanded to the custody of the sheriff of the county of San Diego.

Conrey, P. J., and Works, J., *pro tem.,* concurred.