[1] Habeas corpus does not lie after judgment of conviction of a crime for any cause except want of jurisdiction in the court which rendered the judgment.
The claim of petitioner is that there was a want of jurisdiction in the superior court of Kern County to render the judgment of conviction, because, after the justice of the peace had found the defendant to be under eighteen years of age and had certified the case to the superior court for proceedings in its capacity as juvenile court, and in pursuance *Page 603 
of said court's directions a complaint had been filed by the probation officer against the defendant, the said superior court in its capacity as juvenile court proceeded to determine that the defendant was "not a fit subject for further consideration under the terms of the juvenile court law" without making any findings of fact on that subject, or taking any evidence on the hearing tending to show said fact so determined, and without making any order setting the case down for a hearing for that purpose.
The record shows that the proceedings in the juvenile court were in all respects regular, and that evidence was taken showing the defendant's character and the nature of his crime, that this was done in his presence and that he was represented by able counsel. There is no ground for the claim that the proceedings were irregular or that there was anything unfair therein to the defendant. A very brief statement of the facts would suffice to show that it was not a fit case for the juvenile court. Special findings in such a proceeding were not necessary, nor was the court required to set some other day for the hearing.
[2] It should be added that the objections above mentioned can have no possible bearing on the merits of the charge of murder of which the defendant was found guilty. It was not the purpose of the juvenile court law to lay the foundation for additional technical objections to be resorted to after conviction in an effort to free the defendant by means of a writ of habeas corpus.
We add, further, that even if there were irregularities or defects in the proceedings under the juvenile court law, the defendant, if he wished to take advantage thereof, or to object to the jurisdiction of the superior court after the information against him is filed, could do so only by presenting his objections in the superior court, and he cannot raise the objections by a proceeding in habeas corpus after conviction.
The application for the writ is denied.
Shaw, J., Olney, J., Lawlor, J., Lennon, J., and Wilbur, J., concurred. *Page 604