[Crim. No. 1312. First Appellate District, Division Two.—June 3, 1926.]

## THE PEOPLE, Respondent, v. PETER BARBERA, Appellant.

[1] SUPERIOR COURT—JUDGES—JURISDICTION—CONSTITUTIONAL LAW.— Whether sitting separately or together, the judges of the superior court hold but one and the same court, and the jurisdiction they exercise in any cause is that of the court, and not the individual, under article VI, section 6, of the constitution.

[2] ID.—STATUTES CHANGING JURISDICTION.—Where the jurisdiction of a particular court is defined by the constitution, the legislature cannot by statute restrict or enlarge that jurisdiction.

[3] ID. —JUVENILE COURT LAW — JURISDICTION. — The Juvenile Court Law could not change the effect of the constitutional enactment, even if it sought to do so, which it distinctly does not, for after providing for the election of one or more judges to hear cases under the act, it expressly provides "that nothing in this section contained shall be construed to conflict with article VI, section 6, of the Constitution of the State of California."

---

1. See 7 Cal. Jur. 681.
2. See 7 Cal. Jur. 586; 7 R. C. L. 1030.

[4] CRIMINAL LAW—VIOLATION OF JUVENILE COURT LAW—JURISDICTION
—IRREGULARITY—APPEAL.—Where the trial of a defendant charged
with a violation of section 21 of the Juvenile Court Law is had in a
department of the superior court other than the one designated to
hear cases coming under the Juvenile Court Law, this is a mere
irregularity, and as to such a matter the defendant will not be
heard to complain for the first time upon appeal.

[5] ID.—TESTIMONY GIVEN AT PRELIMINARY HEARING—INSUFFICIENT
FOUNDATION.—In a prosecution for a violation of the Juvenile
Court Law, it is incumbent upon the defendant, in order to en-
title him to read in evidence the testimony given by witnesses at the
preliminary examination, to prove to the satisfaction of the court
that said witnesses are either deceased or are out of the jurisdiction;
and where defendant fails to make this preliminary showing, the
court may properly deny him the right to read into the record
the testimony given upon the former hearing, even though the
prosecution makes no sufficient objection to the admission of such
testimony.

[6] ID.—INSTRUCTIONS—CORROBORATION OF MINOR.—In a prosecution
for a violation of section 21 of the Juvenile Court Law, it is not
error to instruct the jury to the effect that it is not essential
to a conviction of the defendant that the testimony of the minor
should have been corroborated by the testimony of other witnesses;
and the provisions of section 1108 of the Penal Code cannot be ex-
tended to such a prosecution.

(1) 15 C. J., p. 869, n. 47, 48.    (2) 12 C. J., p. 816, n. 2.    (3) 12
C. J., p. 817, n. 5.    (4) 17 C. J., p. 60, n. 57.    (5) 16 C. J., p. 758,
n. 55.    (6) 31 C. J., p. 1099, n. 87.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph J. McShane and David K. Watkins for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for
Respondent.

LANGDON, P. J.—Defendant appeals from a judgment
entered upon a verdict of a jury finding him guilty of a

5. See 8 Cal. Jur. 128; 8 R. C. L. 216.

misdemeanor, to wit, a violation of section 21 of the Juvenile Court Law (Stats. 1915, p. 1225), and also from an order of the trial court denying his motion for a new trial.

The first point argued upon the appeal is that the trial court was without jurisdiction. This objection was not made at the trial and is presented for the first time upon appeal. It is based upon the following facts: The trial was had in department eleven of the superior court, state of California, in and for the city and county of San Francisco, and it is contended that this department and the judge presiding therein are not those designated by the judges of the superior court to hear cases coming under the Juvenile Court Law, in accordance with the provisions of section 16 of said law. Said section 16 provides: "The Superior Court . . . shall exercise the jurisdiction conferred by this Act." As a matter of convenience in procedure, it is also provided that the judges of the superior court, in counties or cities and counties having more than one judge, shall designate, annually, one or more of their number, whose duty it shall be to hear all cases coming under said act.

If it be true that this cause should more properly have been heard in another department of the superior court, the record discloses, at most, an irregularity. (*Graziani* v. *Denny,* 174 Cal. 176, 179 [162 Pac. 397]; *Nickel* v. *State,* 179 Cal. 126, 129 [175 Pac. 641].) **[1]** Whether sitting separately or together, the judges of the superior court hold but one and the same court, and the jurisdiction they exercise in any cause is that of the court and not the individual, under article VI, section 6, of the constitution (*Graziani* v. *Denny, supra.*) **[2]** Where the jurisdiction of a particular court is defined by the constitution the legislature cannot by statute restrict or enlarge that jurisdiction. (*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 35]; *People* v. *McKamy,* 168 Cal. 531 [143 Pac. 752].) **[3]** Therefore, the Juvenile Court Law could not change the effect of the constitutional enactment, even if it sought to do so, which it distinctly does not, for after providing for the selection of one or more judges to hear cases under the act, it expressly provides "that nothing in this section contained shall be construed to conflict with article VI, section 6, of the Constitution of the state of California."

[4]    We conclude that, at most, the record discloses an irregularity in this matter and not a want of jurisdiction, and that as to such matter the defendant will not be heard to complain for the first time upon appeal. It was said in *In re Wolff*, 183 Cal. 602 [192 Pac. 33] : "Even if there were irregularities or defects in the proceedings under the juvenile court law, the defendant, if he wished to take advantage thereof, or to object to the jurisdiction of the superior court after the information against him is filed, could do so only by presenting his objections in the superior court, and he cannot raise the objections by a proceeding in *habeas corpus* after conviction."

[5]    Error is assigned in the refusal of the trial judge to permit the attorney for defendant to read into the record the testimony of two men given at the preliminary examination. With relation to that matter, the record is largely made up of broken and unintelligible sentences, but it does appear that counsel for defendant stated to the court: "There are two witnesses that testified at the—" Thereupon the district attorney interrupted to ask that the jury be excused if counsel was "going to make some statements as to what transpired at a certain time or what—" Thereupon counsel for defendant stated that he was not going to testify, but was asking permission to read the testimony of two witnesses who testified in the lower court, saying further: "These witnesses were present and they were sworn and testified. They are not available now by reason of the fact—" Thereupon the district attorney interrupted, saying: "Just a moment. I am going to object to counsel's statement." The following is an account of the subsequent proceedings: "The Court: Counsel knows what foundation he must lay for the reading of a witness' testimony. Mr. McShane: I have been unable to subpoena these witnesses by reason of the fact that— The Court: And you can't lay the foundation to show that they come under the exception and that their testimony can be read, is that the point? Mr. McShane: I am endeavoring to show this, your Honor: that they lived at this place and are not there now, and that this event was over a year ago and these men are seafaring men, as they have sworn to be and testified— The Court: Just a minute. Mr. McShane: —as such, and I cannot locate them. Now they have testified at length

and were examined by the district attorney at that time, and for that reason, not being able to locate them, I am unable to subpoena them. The Court: Is this your full showing for the purpose of reading that? Mr. McShane: Yes, your Honor. The Court: Well, of course, counsel knows it is not an adequate showing, and the motion will be denied."

It is argued that the People made no sufficient objection to the admission of this testimony. This argument is "beside the mark." The defendant desired to introduce a kind of evidence which could have been received only after the foundation for the same had been laid by a showing that the parties who had originally given the testimony were deceased or out of the jurisdiction. (Sec. 1870, Code Civ. Proc.) It was incumbent upon him to make a showing satisfactory to the trial court that either of these preliminary conditions existed before offering the evidence. This he did not do and the trial court properly denied him the right to read into the record the testimony upon the former hearing.

[6] Objection is made to an instruction of the court to the effect that it is not essential to a conviction of the defendant that the testimony of the minor should have been corroborated by the testimony of other witnesses. Appellant contends that this instruction is a violation of section 1108 of the Penal Code. That section does not relate to the offense with which the defendant was charged. The Penal Code deals with the offense of "inveigling, enticing or taking away an unmarried female of previous chaste character, under the age of eighteen years, for the purpose of prostitution, or aiding or assisting therein." Section 21 of the Juvenile Court Law deals with a person who commits an act or omits the performance of a duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of section 1 of said law, which designates the type of minors who are amenable to said law. Clearly, the offenses are not the same. In the particular instance we are considering, since the act or omission of defendant caused or tended to cause the minor to become a prostitute, that element of the offense was one entering into the offenses defined in section 1108 of the Penal Code. But there the likeness ends. The Juvenile Court Law deals with persons under twenty-one years of age, and the Penal Code with persons under eighteen

years of age; the Penal Code deals with unmarried females of previous chaste character, while no such limitation occurs in the Juvenile Court law.

It seems clear, therefore, that the provisions of section 1108 of the Penal Code cannot be extended to a prosecution such as we have before us. Apart from this fact, it is pertinent to point out that the judgment does not stand alone upon the testimony of the minor. It is corroborated by the testimony of the police officers that the girl, a child of fifteen years of age, was found at the defendant's hotel, which was a lodging-house for men, and where she had no legitimate business. The police officers also testified that upon their entry, defendant motioned to the girl to get away and that she attempted to obey him when she was prevented from doing so by the officers; that upon being questioned she stated facts which constituted the offense charged against the defendant, in his presence, and that he made no denial of them.

There are no other matters which require consideration and the judgment and order appealed from are affirmed.

Nourse, J., and Sturtevant, J., concurred.