[Crim. No. 1378. First Appellate District, Division Two.—February 11, 1927.]

In the Matter of the Application of GINO BASTIANI for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—AGE OF DEFENDANT—FAILURE TO DISCLOSE MINORITY—JUDGMENT—HABEAS CORPUS.—Where a person charged with grand larceny is under the age of eighteen years, but makes no claim or disclosure of that fact at the time of his hearing either in the justice's court or in the superior court, and, upon his plea of guilty and statement that he is twenty years old, the court proceeds as though he is over the age of eighteen years and sentences him to imprisonment in the state prison, such judgment is valid, and *habeas corpus* will not lie to secure his release.

---

(1) 31 C. J., p. 1104, n. 86.

PROCEEDING in Habeas Corpus to secure the release of petitioner from the state prison on the ground of minority. Writ denied.

The facts are stated in the opinion of the court.

Geo. F. Owens for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—The petitioner pleaded guilty to the charge of grand larceny and was sentenced to imprisonment at San Quentin. [1] He offered proof upon this proceed-

---

1. See 14 Cal. Jur. 151.

ing showing his age to have been under eighteen years at the time of the crime and sentence. The petitioner made no claim nor disclosure concerning this fact at the time of his hearing either in the justice's court or in the superior court. The judge of the superior court asked the petitioner his age before sentencing him, and the petitioner replied that he was twenty years old. Nothing else was said upon the subject, but the court proceeded as though the defendant was over the age of eighteen years.

Upon the authority of *People* v. *Oxnam,* 170 Cal. 211 [149 Pac. 165], the judgment is valid, and the writ should be discharged. Petitioner calls attention to the fact that at the time the cited case was decided section 4d of the Juvenile Court Law (Stats. 1915, p. 1228) had not been enacted. This is true, but nevertheless practically the same provision then existed as a part of section 19 of the Juvenile Court Act (Stats. 1913, p. 1285), and was expressly referred to and considered in that case at page 217.

We have fully considered *People* v. *Oxnam* in the opinion in *Ex parte Tassey, ante,* p. 287 [253 Pac. 948], but we are unable to see any distinction between the case of petitioner here and the case of the defendant in *People* v. *Oxnam.*

The writ is discharged and petitioner is remanded to the warden of the state prison at San Quentin.

Nourse, J., and Sturtevant, J., concurred.