[Crim. No. 1380. First Appellate District, Division Two.—February 11, 1927.]

In the Matter of the Application of JOSEPH TASSEY for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—PROSECUTION OF MINOR—CERTIFICATION TO JUVENILE COURT—STATUTORY CONSTRUCTION.—Section 6 of the Juvenile Court Law requires a justice of the peace, as committing magistrate, to suspend the proceedings and certify the accused, when a minor under eighteen years of age, to the juvenile court; and,

while there is no similar section of the act prescribing what the procedure shall be in case the question of age is raised in the superior court instead of the justice's court, the superior court should follow substantially the same procedure.

[2] ID.—SUBMISSION TO JUVENILE COURT.—Section 4d of the Juvenile Court Law, which provides that no person under the age of eighteen years "shall be prosecuted for crime until the matter has been first submitted to the juvenile court by petition as hereinbefore provided, or by certificate of the lower court as hereinafter provided," is not limited to a prosecution for crime in any particular court, and therefore includes the superior court as well as other courts.

[3] ID.—KNOWLEDGE OF MINORITY—CONVICTION IN VIOLATION OF JUVENILE COURT LAW.—In a prosecution for robbery, where the defendant is a minor of the age of fifteen years and under sixteen years, and at the time he appears before the superior court he makes known to the court his age, but the court nevertheless proceeds with the case as though he were an adult, without determining his age and without his offense having been previously submitted to the juvenile court, the conviction is in violation of section 4d of the Juvenile Court Law.

[4] ID.—SUPERIOR COURT—PRESUMPTION OF JURISDICTION — IRREGULAR PROCEEDINGS.—A superior court being a court of general jurisdiction, the presumption is that the proceedings had before that court were regular and that the court acted within its jurisdiction; but that presumption is available only where the record is silent upon the question, and where it affirmatively appears in the record that the proceedings were not regular, the presumption will not be indulged in.

[5] ID.—JURISDICTION DEPENDENT UPON FACTS—JUDGMENT — COLLATERAL ATTACK.—In some cases the jurisdiction of the court depends upon the existence of certain facts, and in that case the court has jurisdiction to determine those facts, even though the determination of those facts in a certain manner ousts it of further jurisdiction to proceed in the case; and where the court has determined those facts in favor of the existence of jurisdiction, its determination, even though erroneous, is binding against a collateral attack.

[6] ID.—SUGGESTION OF MINORITY—JURISDICTION. — Section 4d of the Juvenile Court Law does not divest the superior court of jurisdiction to proceed with the criminal prosecution of a minor under the age of eighteen years where no suggestion is made to the court for the purpose of arresting the prosecution of the minor and asserting the minor's right to be tried in the juvenile court.

2.  See 14 Cal. Jur. 151.
6.  See 14 Cal. Jur. 152.

[7] ID. — PROSECUTION OF MINOR — RIGHT TO SUBMISSION TO JUVENILE COURT—DUTY OF COURT.—While the superior court has full. jurisdiction to try any minor, it having full jurisdiction of the subject matter, a defendant under the age of eighteen years has a statutory right that he shall not be prosecuted for crime until the matter has first been submitted to the juvenile court; and where the defendant asserts such right by suggestion to the court, the court's first duty is then to hear and determine in what court the defendant is entitled to be tried.

[8] ID.—SUGGESTION OF MINORITY — CONVICTION — HABEAS CORPUS. — Where said defendant asserts such right, but the court nevertheless proceeds with the case as though defendant were an adult, and he is convicted and sentenced to state prison, the judgment is in violation of section 4d of the Juvenile Court Law, and, on *habeas corpus*, he is entitled to be discharged from the custody of the warden of the state prison and be delivered into the custody of the sheriff of the county of his prosecution, to be there dealt with as provided by law.

---

(1) 31 C. J., p. 1104, n. 91 New.    (2) 31 C. J., p. 1104, n. 91 New. (3) 29 C. J., p. 171, n. 6; 31 C. J., p. 1104, n. 91 New.    (4) 15 C. J., p. 827, n. 17, p. 832, n. 43 New; 29 C. J., p. 167, n. 57, 58. (5) 15 C. J., p. 852, n. 82, p. 853, n. 83.    (6) 31 C. J., p. 1104, n. 78, 86.    (7) 31 C. J., p. 1104, n. 91 New.    (8) 29 C. J., p. 30, n. 16.

PROCEEDING in Habeas Corpus to secure the release of a minor held in the State Prison under a judgment in violation of section 4d of the Juvenile Court Law. Writ granted.

The facts are stated in the opinion of the court.

Valla E. Parkinson for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Petitioner was sentenced to confinement in the state prison at San Quentin upon plea of guilty to the crime of robbery committed October 11, 1926. Petitioner is a minor of the age of fifteen years and under sixteen years. At the time he appeared before the superior court he made known to the court his age, but the court nevertheless proceeded with the case as though he were an adult, without determining the defendant's age and without the

defendant's offense having been previously submitted to the juvenile court.

[1] Apparently the petitioner passed through the justice's court without the provisions of section 6 of the Juvenile Court Law being invoked. This section would require the magistrate to suspend the proceedings and certify the minor, being under eighteen years, to the juvenile court. There is no similar section of the act prescribing what the procedure shall be in case the question of age is first raised in the superior court instead of the justice's court, but in such case it would seem to us proper that the superior court follow substantially the same procedure as provided for justices' courts in section 6. [2] It is provided in section 4d of this act as follows: "No person under the age of eighteen years . . . shall be prosecuted for crime until the matter has been first submitted to the juvenile court by petition as hereinbefore provided, or by certificate of the lower court as hereinafter provided." This section is not limited to a prosecution for crime in any particular court, and therefore includes the superior court as well as other courts.

[3] The conviction in this case is therefore in violation of the provisions of section 4d. The defendant did not appeal, however, from the judgment and sentence. The matter is brought to our attention only on a writ of *habeas corpus*. Upon this hearing the court considers whether the petitioner is illegally detained, and it appearing that he is held under a judgment of the superior court, the question is substantially whether the court exceeded its jurisdiction in giving that judgment. [4] The superior court being a court of general jurisdiction, the presumption is that the proceedings had before that court were regular and that the court acted within its jurisdiction. This presumption, however, is available only where the record is silent upon the question. (*In re Eichhoff*, 101 Cal. 600, 603 [36 Pac. 11].) Where it affirmatively appears in the record that the proceedings were not regular, the presumption will not be indulged in. (*Ex parte Bull*, 42 Cal. 196.)

[5] There is some confusion in discussing jurisdiction on account of the fact that there are cases in which the jurisdiction of the court depends upon the existence of certain facts. In that case the court has jurisdiction to determine those facts, even though the determination of those facts in

a certain manner ousts it of further jurisdiction to proceed in the case. Where the court has determined those facts in favor of the existence of jurisdiction, its determination, even though erroneous, is binding against a collateral attack. (*Ex parte Spencer*, 83 Cal. 460 [17 Am. St. Rep 266, 23 Pac. 395]; *Ex parte Williams*, 87 Cal. 78 [24 Pac. 602, 25 Pac. 248]; *Matter of Maginnis*, 162 Cal. 200 [121 Pac. 723].)

[6] Respondent claims that the violation of section 4d was not jurisdictional and relies upon *people* v. *Oxnam*, 170 Cal. 211 [149 Pac. 165]. In that case one of the grounds urged for a reversal was that the defendant was under eighteen years old. The point was raised for the first time on appeal. The court in connection with this point considered a part of section 19 of the Juvenile Court Act as it then existed (Stats. 1913, p. 1285), which part was substantially the same as section 4d of the present act, and also considered provisions corresponding to section 6 of the present act. In stating the opinion of the court, expressions are used to the effect that these provisions are not jurisdictional. These expressions are to be taken in the light of the whole decision, which is to the effect that the mere fact the defendant happens to be, or afterward turns out to be, under eighteen years, does not mean that the court did not have jurisdiction. In one place, for example, it is said: "There is nothing in the language used in this section to suggest the idea that in the absence of any suggestion, inquiry, and determination by such judge, there is any want of jurisdiction to proceed under the general law relating to crimes, simply because it may subsequently be developed that the delinquent was in fact under eighteen years of age. In fact, the language expressly requires the judge himself to be satisfied on the question of age before he certifies the matter to the juvenile court at all, and unquestionably it was contemplated that in the absence of any such determination by such judge and any proceeding in the juvenile court, the case should proceed in the ordinary way and that the order or judgment of the judge should be valid and immune from any collateral attack based on the Juvenile Court Act." In another place following one of these expressions it is said: "It is certainly clear that no claim based on this provision of the act can be maintained in an appellate court after conviction and judgment under the

general law, where no claim under the act was made prior to the appeal, and there has never been any investigation and determination as to the age of the offender. Such is the situation here, according to the record, if we assume in accord with defendant's theory that his case was never presented to the juvenile court. The age of defendant was not an issue tried and determined in the superior court by either the judge presiding or by the jury, was not even suggested to the trial judge for trial and determination, and we have no finding thereon. In other words, we have no judicial determination at all that the defendant was, in fact, under eighteen years of age, and the proceedings in the superior court did not call for any determination on that question. In the absence of such a trial and determination on the question of age we have no warrant for dealing with this case as subject to the provisions of the Juvenile Court Act upon the assumption that defendant was in fact under eighteen years of age, however much evidence as to that matter elicited on the trial from defendant's witnesses may indicate such to be the situation." In another place, at page 218, it is stated: "Apparently no suggestion of the age of appellant as a basis for arresting the prosecution was ever made in the superior court, the evidence on that subject being elicited in the ordinary course of the trial as evidence bearing on the issues being tried by the jury." In other words, the case proceeded like any other trial where the defendant is of adult age. The expressions in the decision concerning jurisdiction, so far as they may be said to refer to jurisdiction of the person, are to be limited to a case where no suggestion is made to the court for the purpose of arresting the prosecution of the minor and asserting the minor's right to be tried in the juvenile court.

The reasoning of that decision suggests to us an analogy between the right of a minor under eighteen years to have his case submitted to the juvenile court first under section 4d, and the right of an adult defendant to have certain actions tried in the court of the county of his residence under Code of Civil Procedure, section 395. It is uniformly held that when the defendant demands this right the court has no power to hear and determine any issue in the case until it has first determined the residence of defendant and his claimed right to a certain place of trial. If the right is not

demanded, however, or the facts adversely determined, then the court has full jurisdiction. It is true that such waiver is provided for by Code of Civil Procedure, section 396, but such an objection to jurisdiction may be waived without statutory authority, it going to the jurisdiction of the person rather than to the jurisdiction of the subject matter of the suit. (*Childs* v. *Lanterman,* 103 Cal. 387, 392 [42 Am. St. Rep. 121, 37 Pac. 382].)

Another case relied on by respondent is *In re Northon,* 35 Cal. App. 369 [169 Pac. 1051]. The court there holds it error for the justice of the peace to refuse to hear testimony of the age of the defendant. The reference in this case to jurisdiction is based first upon the proposition that the justice's court had jurisdiction to determine the question of age of defendant, and must be satisfied on that point before certifying to the juvenile court, and, secondly, that the superior court is not prohibited at all events from proceeding with the prosecution of a defendant under eighteen years because he may have been certified back from the juvenile court. The decision is also made that the petitioner being then before the superior court could avail himself of all his legal rights there as shown in *People* v. *Oxnam, supra.*

*In re Wolff,* 183 Cal. 602 [192 Pac. 33]. Here the case was certified to the juvenile court by the justice of the peace and by the juvenile court sent back for prosecution under the general law. This is all a defendant under eighteen years is entitled to, i. e., that the matter be first submitted to the juvenile court.

[7] We conclude that while it is true that the superior court has full jurisdiction to try any minor, it having full jurisdiction of the subject matter, that, nevertheless, a defendant under eighteen years has a statutory right that he shall not be prosecuted for crime until the matter has first been submitted to the juvenile court. So far as this relates to the jurisdiction of the court, it relates to jurisdiction of the person and not of the subject matter, and may be therefore waived. But where the defendant asserts his right by suggestion to the court, the court's first duty is then to hear and determine in what court the defendant is entitled to be tried.

The judgment under which petitioner is held having been given in violation of defendant's asserted rights under sec-

tion 4d of the Juvenile Court Act, it is ordered that said defendant be discharged from the custody of the warden at San Quentin prison and that said minor be delivered into the custody of the sheriff of the county of Sacramento, and that he be there dealt with as provided by law.

Nourse, J., and Sturtevant, J., concurred.