[Crim. No. 1504. First Appellate District, Division Two.—December 18, 1928.]

In the Matter of the Application of EDDIE J. DOWNS, for a Writ of Habeas Corpus.

Nathan Merenbach for Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

PRESTON, (H. L.), J., *pro tem.*—This is a petition made in behalf of Eddie J. Downs to procure his release from San Quentin prison on *habeas corpus.*

On January 19, 1928, Eddie J. Downs pleaded guilty to the crime of robbery in the superior court of Riverside County. Judgment was thereupon pronounced, and Eddie J. Downs was sentenced to imprisonment at San Quentin for the term prescribed by law, and he is now confined in said prison pursuant to said judgment.

Petitioner contends that Eddie J. Downs should be released from the state prison on *habeas corpus* for the following reason: "Said Eddie J. Downs at the time of his arrest and at the time of the hearing held in the Superior Court of the State of California in and for the County of Riverside informs your petitioner and your petitioner therefore alleges that he made a request in open court to be transferred to the juvenile court on the ground that he was then a minor under the age of eighteen years. That said request was then and there denied without any just cause therefor, and contrary to the laws of the State of California in such cases made and provided."

The difficulty with petitioner's contention is that there is absolutely no competent evidence of any kind presented to us, from which we can find that Eddie J. Downs was under the age of eighteen years at the time of his arrest, or that he or anyone on his behalf ever requested the superior court

of Riverside County to transfer his case to the juvenile court. Certain papers were offered in support of the petition, which will be hereafter discussed.

Upon this hearing the court is only concerned with the question as to whether or not Eddie J. Downs is illegally detained in San Quentin. It appears that he is held there under a judgment of the superior court. The question is, therefore, did the superior court exceed its jurisdiction in rendering that judgment?

 The superior court being a court of general jurisdiction, the presumption is, where the record is silent upon the question, as it is here, that the proceedings had before that court were regular and that the court acted within its jurisdiction. (*In re Eichhoff*, 101 Cal. 600 [36 Pac. 11]; *In re Tassey*, 81 Cal. App. 287 [253 Pac. 948].) It was incumbent upon petitioner, acting in behalf of Eddie J. Downs, to make it affirmatively appear to this court that Eddie J. Downs, or someone on his behalf, stated or suggested to the superior court of Riverside County, during the proceedings in that court, that the prisoner was under the age of eighteen years and that his case should be transferred to the juvenile court. This the petitioner has failed to do. In the absence of such an affirmative showing, excess or lack of jurisdiction on the part of the superior court is not established.

In *In re Tassey, supra*, this court said: ''We conclude that while it is true that the superior court has full jurisdiction to try any minor, it having full jurisdiction of the subject matter, that, nevertheless, a defendant under eighteen years has a statutory right that he shall not be prosecuted for crime until the matter has first been submitted to the juvenile court. So far as this relates to the jurisdiction of the court, it relates to jurisdiction of the person and not of the subject matter, and may be therefore waived. But where the defendant asserts his right by suggestion to the court, the court's first duty is then to hear and determine in what court the defendant is entitled to be tried.''

After this matter was submitted to us for decision, the petitioner filed an affidavit to which was attached a letter from the district attorney of Riverside County and also what purports to be a copy of the minutes of the superior court of Riverside County made at the time that the case of Eddie J. Downs was before that court. No transcript of the proceedings has been produced. These purported minutes are

not authenticated in any way and not entitled to be admitted as evidence. However, waiving all these objections and viewing all the evidence submitted in the most favorable light to Eddie J. Downs, we can infer from the so-called evidence that he did make a request to the superior court of Riverside County to be transferred to the juvenile court. Following this request, several witnesses, including Eddie J. Downs, were sworn and examined in open court. What these witnesses testified to is not shown by any of the minutes or other papers produced, but immediately after these witnesses were sworn and examined, the superior court pronounced judgment, sentencing Eddie J. Downs to the state prison at San Quentin.

The presumption is, therefore, that the superior court did its duty and did examine these witnesses regarding the age of Eddie J. Downs, and we must conclude that the superior court determined the facts in regard to the age of Eddie J. Downs. Where the court has determined such facts in favor of the existence of jurisdiction, its determination, even though erroneous, is binding against a collateral attack. (*Ex parte Spencer*, 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395]; *Ex parte Williams*, 87 Cal. 78 [24 Pac. 602, 25 Pac. 248]; *In the Matter of Maginnis*, 162 Cal. 200, 121 Pac. 723]; *In re Tassey, supra*.)

The other contention made by petitioner is entirely without merit and needs no discussion.

Under no view of the record here presented would the release of the prisoner on *habeas corpus* be authorized.

The writ is discharged and the prisoner, Eddie J. Downs, remanded to the custody of the warden of the state prison at San Quentin.

Koford, P. J., and Nourse, J., concurred.