[Crim. No. 4431. In Bank. Dec. 31, 1942.]

THE PEOPLE, Respondent, v. JOHN SANCHEZ et al., Defendants; ANGELO JOHN PORRELLO, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Alberta Belford, Deputy Attorney General, for Respondent.

TRAYNOR, J.—On March 4, 1941, an information was filed by the District Attorney of Los Angeles County against defendant Angelo John Porrello and two others accusing them in counts one and two of the crime of robbery, and of attempted robbery in count three. Defendant, a seventeen-year-old boy, was arraigned in Department 41 of the Superior Court of Los Angeles County and pleaded not guilty to all counts of the information. Trial of the action was set for April 16, 1941, and the case transferred to Department 44. On the day of the trial the judge of Department 44 transferred the case to Department 39, the department of the Superior Court of Los Angeles County designated to hold sessions as a juvenile court. The transcript gives no indication of the proceedings in Department 39, but shows that on the following day defendant again appeared in Department 44, withdrew his plea of "not guilty" to count one, pleaded

guilty to the charge and admitted being armed with a deadly weapon at the time the offense was committed. The court thereupon found the crime to be robbery in the first degree and granted defendant permission to file an application for probation. The cause was continued to May 7th, and when defendant appeared on that day the court recessed as a criminal court and reconvened as a juvenile court. It then ordered proceedings as to count one of the information suspended. Pursuant to section 834 and 835 of the Welfare and Institutions Code it declared defendant a ward of the juvenile court under section 700 (M) of that code and ordered him committed to the Preston School of Industry for the period of his minority. There it appeared that he was suffering from an advanced rheumatic heart disease, and the reports of the probation officer and letters in the record indicate that he was confined to bed with no prospect of improvement. The superintendent of the school repeatedly requested that defendant be returned to the court, and several months after defendant's commitment the Director of Institutions filed an affidavit that owing to physical disability defendant was unfit to profit by the training program of the school and that it was inadvisable to retain him there longer, and directed his return to the Superior Court of Los Angeles County. Upon the recommendation of the probation officer, the judge presiding in Department 41 of the Superior Court of Los Angeles County, on August 12, 1941, vacated and set aside the order committing defendant to Preston, ordered him returned to the court for further consideration, and directed that the cause be placed on the calendar of Department 44 for August 20th. At the end of the supplemental report of the probation officer filed on August 12th appears the following:

"August 12 1941
"The above recommendation is approved, and so ordered
"B. J. Scheinman

"Judge of the Superior Court"

No other written order of that date appears in the record. On August 20th the minute entry for Department 44 states that the judge of that department transferred the cause to Department 41 for disposition, but it does not show that he acted as a juvenile court. The minute entry for Department 41 for the same day indicates that defendant appeared in that department and that his case was continued. On September

11th the court, still acting in Department 41, pronounced judgment upon defendant and sentenced him to the state prison. There appears in the record a formal judgment dated September 11, 1941, vacating and setting aside the commitment to the Preston School of Industry and ordering that defendant be punished by imprisonment in the state prison for the term prescribed by law and be delivered into the custody of the warden of the state prison at San Quentin. Thereafter, on December 17th, defendant made a motion to vacate and set aside this judgment upon the grounds that it was void and in violation of his constitutional rights. This motion was denied and defendant has appealed.

It is contended that the superior court had no jurisdiction to make the original order committing defendant to Preston, on the ground that under the Juvenile Court Law the court had to transfer the case to the juvenile court department and could not proceed unless the juvenile court judge remanded the case to the criminal department of the superior court for further proceedings. There is no doubt that defendant came within the jurisdiction of the juvenile court. (Welf. & Inst. Code, §§ 700 (M), 825, 826, 833.) ██ It is not denied that Department 39 of the Superior Court of Los Angeles County was designated to sit as a juvenile court, and judicial notice may be taken of this fact. (Cal. Code Civ. Proc., § 1875 (3); see 10 Cal.Jur. 727; *Varcoe* v. *Lee*, 180 Cal. 338, 344 [181 P. 223].) ██ The record does not show the proceedings before this department, nor does it indicate any remand of the case from the juvenile court to the criminal department of the superior court. Such proceedings, however, are not part of the transcript on appeal, and error cannot be presumed from their absence. (*People* v. *Wolff*, 182 Cal. 728 [190 P. 22].) If defendant intended to rely upon error in the proceedings before the juvenile court or upon the contention that he was not properly remanded to the superior court, he should have made such proceedings a part of the record. (*People* v. *Wolff, supra.*) In the absence of a showing to the contrary, it is presumed that the proceedings were regular (*In re Tassey*, 81 Cal.App. 287, 290 [253 P. 948]) and that the court had the power to allow defendant to withdraw his plea of "not guilty" to count one of the information and to accept his plea of "guilty."

██ The question arises as to the power of the superior court, acting in Department 44, to recess as a criminal court

and reconvene as a juvenile court. The court declared in the order that it was proceeding under sections 834 and 835 of the Welfare and Institutions Code. These sections refer only to minors over eighteen, but the order recites that the defendant is "a boy of the age of seventeen years, having duly pleaded guilty in this Court of the crime of *Robbery* . . . " The case thus comes within the Juvenile Court Law. (Welf. & Inst. Code, § 833.) The power of the court to make the order turns upon the facts stated rather than on the reference to certain sections of the act. (See *In re Spiers,* 32 Cal.App.2d 124, 128 [89 P.2d 456].) The contention is advanced that since the Juvenile Court Law provides that in counties having more than one judge of the superior court, the judges shall annually designate one or more of their number to hear all cases under the law (Welf. & Inst. Code, § 572), the provisions of section 833 allowing the court to recess as a criminal court and reconvene as a juvenile court do not apply in such counties. The designation of a separate juvenile court is intended to expedite the work of the courts, but failure to transfer the case to the department specifically assigned to juvenile court work is not a jurisdictional error. (*People* v. *Barbera,* 78 Cal.App. 277, 279 [248 P. 304].) In making its order in the present case the court acted as a juvenile court, and if the defendant wished to predicate error upon the failure to transfer the case to the juvenile court department he should have done so by an appeal from that order. Likewise, an objection that it was improper to declare defendant a ward of the juvenile court after he had presumably once been remanded by the juvenile court to the superior court for prosecution under the general law could be raised only upon a direct appeal from the order. The present appeal concerns only the validity of the judgment vacating defendant's commitment to Preston and sentencing him to the state prison, and only error rendering that judgment void may now be considered. For the purposes of this appeal, therefore, the order committing defendant to Preston must be considered valid.

The judgment, however, is void for other reasons. The jurisdiction of the juvenile court over a ward continues until he becomes twenty-one or until the court is satisfied that he has reformed or that further supervision under the law is unnecessary or inadvisable. (Welf. & Inst. Code, § 750.) It may at any time modify or set aside its orders concerning

him. (Welf. & Inst. Code, § 745; *People* v. *De Fehr,* 81 Cal.App. 562, 574 [254 P. 588].) When defendant was declared a ward of the juvenile court, he became subject to its continuing jurisdiction. Whatever power the superior court had over him was thereby vested in the juvenile court, and until the latter remanded his case for disposition under the general law no other department of the superior court acting in a general capacity had the jurisdictional authority to act upon the matter. (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 [96 P.2d 334]; *Rappaport* v. *Superior Court,* 39 Cal.App.2d 15 [102 P.2d 526]; 7 Cal.Jur. 681.) When one department is exercising the jurisdiction vested in the superior court of that county, the other departments are as distinct from it as from other superior courts. (*Williams* v. *Superior Court, supra.*) Defendant's case was pending before the juvenile court and its jurisdiction was therefore exclusive. Confusion would result from conflicting adjudications upon the same subject matter by different departments of the same court. (*Williams* v. *Superior Court, supra.*) Moreover, the purposes of the Juvenile Court Law would be defeated if every department of the court acting under the general law could encroach upon the jurisdiction of the juvenile court. (See Welf. & Inst. Code, § 551; *In re Daedler,* 194 Cal. 320 [228 P. 467]; 14 Cal.Jur. 136-138.)

The Juvenile Court Law requires that the superior court exercise the additional jurisdiction thereunder in a manner distinct from its regular mode of operation (see *People* v. *Superior Court,* 104 Cal.App. 276, 281-282 [285 P. 871]), and when it does so it becomes the "juvenile court." (Welf. & Inst. Code, § 571.) In counties having more than one superior court judge, one or more of their number shall be designated annually to hear cases coming within the juvenile court law (Welf. & Inst. Code, §§ 572, 833), and all cases under the law must be heard at a special or separate session of the court where no other matters shall be heard. (Welf. & Inst. Code, § 573.) All orders committing or recommitting a ward of the juvenile court must be in writing and signed by the judge of the juvenile court. (Welf. & Inst. Code, § 735.) It is inconsistent with the mode of operation required by the act to allow other departments of the court acting under the general authority of superior courts to act upon cases within the Juvenile Court Law over which the juvenile court is exercising its jurisdiction.

■ Respondent, while acknowledging the continuing jurisdiction of the juvenile court, contends that the trial court sitting as a juvenile court had jurisdiction to vacate its order committing defendant to Preston and to remand him to the superior court for sentence. It cannot be assumed, however, that the trial court sat as a juvenile court when it vacated the order of commitment or that the juvenile court remanded defendant to the superior court for sentence; the record in the instant case shows otherwise on its face. The full minute entries and the written orders appearing in the record are devoid of any indication that the department in which the order vacating defendant's commitment was made was the juvenile court department, or that the judge who made the order was the juvenile court judge, or that in making the order the court was acting as a juvenile court. The formal order vacating defendant's commitment and the judgment sentencing him to San Quentin under the general law are both part of the same judgment decreed by the court acting in a single capacity, showing conclusively that the case was never remanded to the superior court by the juvenile court. Under the Juvenile Court Law the superior court acting as a juvenile court should have entered an order vacating defendant's commitment and remanding him to the superior court for further proceedings to enable the superior court acting under the general law to impose sentence upon him. The court could not perform both functions in a single capacity. The superior court acting as such had no power to vacate the order of commitment; the juvenile court had no power to impose a criminal sentence. (*In re Hulbert,* 123 Cal.App. 362 [11 P.2d 50]; Welf. & Inst. Code, §§ 734, 740; see *People v. Superior Court, supra; cf.* Welf. & Inst. Code, § 702.) Its proceedings are not penal (see cases cited in 14 Cal.Jur. 138, § 26, and 6 Cal.Jur. 10-Yr. Supp. 461) and its order adjudging a person a ward of the court is not a conviction of crime. (Welf. & Inst. Code, § 736.) The judgment imposing sentence upon defendant could therefore be rendered only by the superior court acting under the general law, while the order vacating his commitment could be made by the superior court only when functioning as a juvenile court.

The judgment is therefore void, and the order denying defendant's motion to set aside and vacate the judgment is reversed.

Curtis, J., Edmonds, J., and Carter, J., concurred.

SPENCE, J. pro tem.—I dissent. If it be assumed that there were any irregularities under the Juvenile Court Law in the proceedings leading up to the judgment sentencing the defendant to San Quentin for robbery in the first degree, such irregularities did not affect the jurisdiction of the superior court to enter said judgment. (*In re Wolff*, 183 Cal. 602 [192 P. 33]; *People* v. *Barbera*, 78 Cal.App. 277 [248 P. 304]; *In re Tassey*, 81 Cal.App. 287 [253 P. 948].) Defendant raised no objection whatever during any of the proceedings leading up to the judgment and took no appeal from the judgment. In my opinion, the order denying the motion to set aside the judgment, which motion was made long after the judgment had become final, should be affirmed.

Shenk, J., concurred.