[Crim. No. 2017. Third Dist. June 12, 1947.]

In re WARREN ELMER RUGLAND, on Habeas Corpus.

Warren Elmer Rugland, in pro. per., for Petitioner.

Fred N. Howser, Attorney General, and Ruth Bernfield, Deputy Attorney General, for Respondent.

ADAMS, P. J.—■ Petitioner has petitioned this court for a writ of habeas corpus. The facts are not disputed. The petition alleges that petitioner is now illegally deprived of his liberty by the warden of the Folsom State Prison. His claim is that he should have been committed to the Youth Authority instead of being sentenced to a state prison. The facts are that on December 11, 1944, petitioner was arraigned for judgment and sentence in the Superior Court of Tulare County, on his pleas of guilty to two separate charges of violation of section 503 of the Vehicle Code. At the time of such arraignment petitioner was 19 years of age and his counsel, appointed by the court to represent him, urged the trial court to withhold sentencing petitioner to a state prison because of his youth and the probable effects of incarcerating him in such an institution. Despite such urge by counsel, the trial court did not commit petitioner to the Youth Authority but instead sentenced him to the state prison at San Quentin.

The attorney general concedes that upon such facts, under section 1731.5 of the Welfare and Institutions Code as that section read at the time the sentence was imposed, it was mandatory upon the trial court to commit petitioner to the Youth Authority. (*People* v. *Ralph*, 24 Cal.2d 575 [150 P.2d 401].) Section 1731 of the Welfare and Institutions Code then provided, and still provides, that a court shall determine whether a person convicted of a public offense was less than 21 years of age at the time of his apprehension. Section 1731.5 of the same code, at the time of the imposition of the sentence upon petitioner, and so far as material here, provided: "A court shall commit to the Authority any person convicted of a public offense" etc., "who is found to be less than 21 years of age at the time of apprehension." (Stats. 3d Ex. Sess. 1944, ch. 2, § 5.)

By virtue of the aforesaid provisions and the decision in *People* v. *Ralph, supra,* we are forced to hold that it was mandatory upon the trial court to commit this petitioner to the Youth Authority.

The causes are therefore remanded to the Superior Court of Tulare County with directions to commit petitioner to the Youth Authority.

Peek, J., and Thompson, J., concurred.